## CRANE *v.* THE INDIANA NORTH AND SOUTH RAILWAY COMPANY.

CONTRACT.—*Condition Precedent.—Performance.—Pleading.*—In an action by the obligee, a railroad company, against the obligor, on a contract which stipulated that the obligor would pay a certain sum to the railroad company, on condition that the company would build, equip, and

run a train of cars over, a railroad between given points, by a certain time, running on the east line of the obligor's land, the complaint alleged the building of the road between the points within the time named, and the running of the train, and that the track was constructed "upon, or as near as practicable upon, the east line of the lands owned by said defendant, and at all points within fifty feet of said east line," alleging no reason for not building the track on the east line, and no waiver of that condition.

*Held*, that the complaint was bad in not showing performance of the condition precedent.

SAME.—*Part Payment.*—*Waiver.*—The fact that the complaint alleges, that two dollars and a half were paid on the contract, without disclosing the circumstances under which the payment was made, is not of much force as tending to show an admission of performance, or a waiver thereof.

From the Fountain Circuit Court.

*S. F. Wood*, for appellant.

*J. E. McDonald, J. M. Butler, F. B. McDonald, G. C. Butler, L. Nebeker* and *S. M. Cambern*, for appellee.

PERKINS, J.—Suit by the appellee against the appellant.

As the questions for decision arise upon the complaint, we copy it:

"The plaintiff, who is a corporation duly organized and existing under and by virtue of the laws of the State of Indiana, complains of the defendant, and alleges, that, on the 2d day of December, 1870, the said defendant, by his certain writing obligatory, a copy of which is filed herewith, marked 'Exhibit A,' and made a part of this complaint, promised and agreed to pay to the plaintiff the sum of one hundred dollars, upon the consideration that the said plaintiff should, within two years from December 1st, 1870, build and equip in running order, and have a train of cars pass over, her road from Attica, in Fountain county, to or near Chambersburgh, in Fountain county, Indiana, to become due and payable at the expiration of sixty days from the time said company's cars should have passed over said road from the points above named; that, at the time of the execution of said writing herein sued on, a condition in writing was endorsed upon

Crane *v.* The Indiana North and South Railway Company.

the back of said note, as follows, to wit: 'The condition of the within note is, that said railroad run on said Crane's east line.'

"Plaintiff further avers, that, long before the time limited therefor in said note as aforesaid, the plaintiff built and equipped in running order the railroad referred to and mentioned in said note, from Attica to or near Chambersburgh, both in Fountain county, Indiana, and that she had the same completed, and a train of cars pass over the road as aforesaid, on the 1st day of October, 1872, and that she built and constructed her said railroad prior to the date last above mentioned, upon, or as near as practicable upon, the east line of the lands then owned by said defendant, and at all points within fifty feet of said east line.

"Plaintiff avers, that no part of said note has ever at any time been paid, except the sum of two dollars and fifty cents, which was paid December 2d, 1872; that the balance of said note, with interest from the — day of ———, 187–, still remains due and unpaid.

"Wherefore plaintiff demands judgment for two hundred dollars, and for all proper relief.

"NEBEKER & CAMBERN,
"Attorneys for Plaintiff."

"EXHIBIT A.

"$100. In consideration that the Indiana North and South Railway Company will, within two years from the first day of December, 1870, build and equip in running order, and have a train of cars over, their road from Attica, in Fountain county, to or near Chambersburgh, in Fountain county, Indiana, I promise to pay the Indiana North and South Railway Company the sum of one hundred dollars, without relief from valuation laws, the same to become due and payable at the expiration of sixty days from the time said company's cars shall have passed

over said road from the points above named, on the express condition that any county tax paid by me for the benefit of the said Indiana North and South Railroad shall be a credit on this note.

"Witness my hand, this 2d day of Dec., 1870.

"HARVEY CRANE."

Endorsed as follows:

"The conditions of the within note are, that said railroad run on said Crane's east line

"Rec'd, Dec. 2d, '72, $2.10."

A demurrer to the complaint, for want of sufficient facts, was overruled, and exception noted.

The defendant refusing to answer, judgment was rendered for the plaintiff on the written instrument.

It is assigned for error in this court, that the court erred in overruling defendant's demurrer to the complaint.

The contract sued on was voluntarily entered into by the parties. They chose the terms in which it should be expressed. There is no claim that any mistake was made in them. In substance, Crane agreed to pay the railroad company one hundred dollars, if the company would build, equip, and run a train of cars over, a railroad between two given points, by a certain time, running on the east line of his land.

The plaintiff admits in her complaint, that she has not complied literally with the terms of the condition precedent contained in the contract, the compliance with which was to entitle her to the hundred dollars; says, in substance, that it was not practicable to do so, but that she complied as nearly as was practicable, and that was to run within fifty feet of said Crane's east line, but without stating upon which side of it, what the obstructions were that prevented running upon the line, and the condition in which the deviation left the land of the payor of the note.

We make this statement to show that there is nothing

in the record, from which, if it could be done in any case, the court might infer that the condition had been even substantially complied with. Crane might have been willing to give one hundred dollars to have the railroad run along the line of his farm; while he might not have been benefited, but rather have been injured, by its running fifty feet from the line.

The fact that two dollars and a half were paid without a disclosure of the circumstances under which the same were paid, is not of much force, as tending to show an admission of performance on one side or a waiver of it on the other. We think the complaint did not show performance or waiver of the condition precedent, and was bad.

The judgment is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.