Johnson *v.* Bucklen *et al.*

Filed Feb. 3, 1894.

———————◆———————

No. 905.

### JOHNSON *v.* BUCKLEN ET AL.

PROMISSORY NOTE.— *Condition Precedent.*—*Complaint.*—*Necessary Averments.*—*Waiver.*—In an action on a note payable on the performances of a condition precedent, the complaint must show a substantial performance of the condition, or a waiver thereof.

CONCLUSIONS OF LAW.—*Special Finding.*—*Commingling of Law and Fact.*—A matter of fact found among the conclusions of law can not be considered for any purpose, and *vice versa.*

CONTRACT.—*Condition Precedent.*—*Recovery.*— *Waiver.*—*Special Finding.*—Where a promise to pay a sum of money is based upon the

performance of a condition precedent, before the plaintiff can recover, there must be shown a substantial performance of the condition, or that the plaintiff waived the condition; and acts, to constitute a waiver, must have been performed with full knowledge that the condition had not been substantially performed, and where the finding is special, such fact must be specially found.

VERDICT.—*Amount of Recovery.—Money Judgment.*—Where a money judgment only is recoverable, the verdict or finding, whether it be special or general, must determine the amount of recovery, or find such facts as leave nothing for the court to do except to make a mere mathematical calculation.

From the Elkhart Circuit Court.

*R. M. Johnson, W. L. Penfield, J. D. Osborn* and *A. S. Zook,* for appellant.

*Chamberlain & Turner,* for appellees.

LOTZ, J.—The appellees brought this action against the appellant, and alleged, in their complaint, that the appellant executed the following described note or contract, to wit:

"$500.          ELKHART, IND., May 20, 1890.

"For value received, I promise to pay to S. D. Kimbark, or order, the sum of five hundred dollars, payable at the First National Bank, Elkhart, Ind., with eight per cent. interest after maturity and attorney's fees, without relief from valuation or appraisement laws. This note is given in consideration that said payee will remove and locate his entire manufacturing establishment to the vicinity of Beardsley avenue and Myrtle street, said factory to be placed in brick buildings, having a floor room of not less than 80,000 square feet. This note due and payable as soon as said buildings are erected and said factory in operation therein.          R. M. JOHNSON."

It is further alleged that, after the execution of said note, said Kimbark did remove and locate his entire manufacturing establishment to the vicinity of Beardsley avenue and Myrtle street, and placed the same in brick

buildings having a floor room of 50,000 square feet and over, and that said factory was in operation therein prior to the commencement of this action, all of which facts the defendant well knew; that said Kimbark indorsed said note, in writing, to these plaintiffs, and that they are now the owners thereof; that after the plaintiffs became the owners of the note, they deposited it in the First National Bank of the city of Elkhart for collection, and defendant was notified thereof; that defendant appeared at said bank, and was then and there informed by the plaintiffs that said note was due and payable, and defendant then and there admitted to the plaintiffs that said note was due and payable to the plaintiffs, but defendant then and there agreed with plaintiffs that in consideration of the fact that the plaintiffs would extend the time of payment of said note for a period of thirty days, to wit, thirty days from the 23d day of September, 1891, he, defendant, would pay said note, at the expiration of the time, to wit, on the 23d day of October, 1891; that in consideration of the promises and agreements of said defendant to pay said note on said last named day, the plaintiffs then and there agreed with said defendant to said extension, and did then and there extend said note thirty days; that the defendant wholly failed to pay said note at the end of said thirty days, and has never paid any part thereof, and that the same is due and unpaid.

A demurrer was overruled to this complaint, and this ruling is one of the errors assigned.

Counsel for appellant contend that the promise to pay the note, and not the note itself, is the gravamen of the action.    In this contention we do not concur.

It is a condition precedent to the right to maintain this action that the payee Kimbark should locate his manufacturing establishment at the point designated,

and place the same in brick buildings, having the floor capacity named, and to commence the operation of his factory therein. The plaintiffs were not required to show a literal compliance with these conditions, but they must show a substantial compliance. *Indianapolis, etc., R. R. Co.* v. *Holmes,* 101 Ind. 348.

The removal, location and operation of the factory are the consideration of the note. Whatever benefit accrues to the appellant, grows out of the fact that the factory is located and operated in a certain place. If, substantially, all of the factory was removed to the designated place, and if it was constructed substantially of the dimensions given in the contract, and put in operation, this would be a compliance with the conditions within the requirements of the law.

The complaint avers that the entire establishment was removed and placed in brick buildings, having a floor room of 50,000 feet and over. How much over, is not stated, but it may have been enough to fill the letter of the contract.

It is further averred that the note was due and unpaid. These averments, of themselves, make the complaint sufficient to withstand the demurrer. But the pleader seemingly does not regard the condition precedent as having been substantially performed, and other facts are alleged to show that a strict performance was waived by the appellant. The performance of a condition precedent may be waived in many ways. A person who made a subscription to the capital stock of a railway company on the express condition that the road should be constructed on a certain line, and to within a certain distance of a given place, after the road had been constructed on another line, gave his note for the amount of his subscription. This was held to be a waiver of the condition. *Evansville, etc., R. R. Co.* v. *Dunn,* 17 Ind. 603.

Where money is stipulated to be paid upon a condition expressed, and, subsequently, a promissory note is given for the amount, payable without condition, the condition precedent is waived. *Swank* v. *Nichols, Admr.*, 20 Ind. 198; *Swank* v. *Nichols, Admr.*, 24 Ind. 199. See, also, *Hunter* v. *Leavitt*, 36 Ind. 141; *Masonic Mutual, etc., Ass'n* v. *Beck*, 77 Ind. 203 (207).

It was at the option of the pleader to aver performance of the condition precedent or to aver a waiver of the condition. *Indiana Ins. Co.* v. *Capehart*, 108 Ind. 270 (273).

We think the only purpose of the averments with reference to the extension of the time of the maturity of the note is to show that the appellant waived a strict performance of the condition. The facts alleged do constitute a waiver. There was no error in overruling the demurrer.

The court made a special finding of facts, and stated conclusions of law. They are as follows:

"1. That on the 20th day of May, 1890, the defendant executed a contract, a copy of which is filed with the fourth paragraph of the complaint, to Seneca D. Kimbark, who indorsed it to the plaintiffs.

"2. That the said Kimbark never did remove and locate his entire manufacturing establishment to the vicinity of Beardsley avenue and Myrtle street, and place said factory in brick buildings having a floor room of not less than 80,000 square feet, as called for in said contract.

"3. That the plaintiffs claimed that the defendant had agreed to waive the performance of said conditions, and asked him to pay the sum of money called for in said contract, but the defendant denied such waiver; that while matters stood thus, the defendant and the plaintiffs met at the First National Bank in Elkhart, where said

note was deposited, on the 23d day of September, 1891, when it was agreed between the defendant and the plaintiffs, that they should extend the time of payment of said note for thirty days from that date, in consideration of which the defendant agreed to pay it; that the plaintiffs did so extend the time of payment for thirty days, at the expiration of which time the defendant refused to pay.

"4. That a reasonable fee for plaintiffs' attorney is $75.                    J. M. VANFLEET, Judge.

"Whereupon the court finds as its conclusions of law upon the foregoing facts, that the plaintiffs are entitled to recover of said defendant the sum of five hundred and seventy-five dollars, without relief from valuation or appraisement laws, together with costs. To which conclusions of law the said defendant, at the time, excepts, and which conclusions of law were entered by the court upon its docket, but were not written upon a separate piece of paper and signed."

Judgment followed these findings and conclusions.

The appellees contend, for various reasons, that neither the special findings nor the conclusions of law are properly in the record; but, as we view the case, we need not determine this contention.

The appellant insists that the conclusions of law were not properly stated, and that the findings, considered as general or special, are not sufficient to warrant the judgment. The findings are very imperfect, and contain matters of evidence and evidentiary facts, and some essential facts are not found. A matter of fact found among the conclusions of law can not be considered for any purpose. *Minnich* v. *Darling*, 8 Ind. App. 539.

Eliminating all extraneous matters from the findings, are there facts remaining sufficient to support either the conclusions of law or the judgment rendered?

Considered as a special finding of the facts, the con-

clusions of law can not be upheld. The appellees are not entitled to recover unless they have proved the performance of the condition precedent, or that the appellant waived its performance. The findings do not show its performance; on the contrary, they show it was not performed.

Do they show a waiver of performance? There could be no waiver unless the appellant promised to pay the note upon the extension, having full knowledge that the conditions had not been substantially performed. There is no finding that the appellant had such knowledge. The findings show the evidentiary facts of waiver, but do not find the waiver itself. Nor do the findings assess the amount of recovery. It is true that the findings show that the contract, a copy of which was filed with the complaint, was executed by the appellant, and that $75 is a reasonable attorney's fee. Are these facts sufficient to warrant the court in making a calculation of the amount of recovery? It has often been decided that where there is a mere finding for the plaintiff, without any assessment of damages, no judgment can properly follow. *Fruits* v. *Elmore*, 8 Ind. App. 278, 34 N. E. Rep. 829, and cases cited.

Where a money judgment only is recoverable, the verdict or findings, whether they be special or general, must determine the amount, or find such facts as leaves nothing for the court to do except to make a mere mathematical calculation. *Branson* v. *Studabaker*, 133 Ind. 147, 33 N. E. Rep. 98; *Thames Loan, etc., Co.* v. *Beville*, 100 Ind. 309.

The court can not look to the evidence to ascertain the amount of recovery or assessment of damages. No attorney fee can be assessed unless there is a finding of a fact upon which the same can be predicated. Unless the findings show the amount of the note, there is no

proper basis from which the court can determine the amount of recovery.   This is true whether the findings be considered special or general.

Defects of this kind in a verdict or finding are ordinarily reached by a motion for a *venire de novo*.  No such motion was made in this case.

The findings are so indefinite and imperfect that it is difficult to determine whether they are a finding in favor of any one, either the appellant or the appellees.   There are some facts which seem to indicate a finding in favor of the appellees, and others which indicate a finding in favor of appellant.   The record is in such an unsatisfactory condition that we think the ends of justice require that the case should be tried again.

The cause is, therefore, reversed, with instruction to sustain appellant's motion for a new trial.

Costs against the appellees.

Filed Jan. 12, 1894.