## Mooney et al. *v.* The United States Industrial Publishing Company.

[No. 3,392.   Filed October 10, 1901.]

Contract.—*For Advertising Space.*—*Condition.*—Where a contract for advertising space was conditioned upon a certain printed guaranty of circulation, there can be no recovery on such contract without proof of the circulation stipulated in the guaranty.

From Bartholomew Circuit Court; *F. T. Hord,* Judge.

Action by United States, etc., Pub. Co. against W. W. Mooney and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*C. B. Cooper,* for appellants.

*J. W. Morgan,* for appellee.

Roby, J.—Appellee sued to recover $250 averred to be due under a contract in terms as follows:   "Size of page outside measurement 9x12, inside space for matter 7½x10. The United States Industrial Publishing Company, 31 State St., New York.   269-298. Columbus, Ind.; August 10, 1897. You are hereby authorized to insert one page descriptive of our goods in your Manufacturers Export Code published in Spanish and English for which we agree to pay you $250 on publication thereof and delivery to us two copies.   Copy and cuts will be furnished you within ten days from date, in default of which you are authorized to insert such matter as you may deem advisable.   The guarantee of circulation as stated on last page of your booklet is made a condition of this contract.   Signed W. W. Mooney & Sons, Columbus, Ind.   Notice:   The publishers will not be responsible for any understanding not mentioned in this contract.   Guarantee of Circulation.   The value of the Manufacturers Export Code to each manufacturer who coöperates will naturally increase in direct proportion to the total number of those who use it.   Therefore in order that no sub-

scriber may fear that its circulation is to be narrowly circumscribed the publishers guarantee: (1) That the first edition printed will consist of 5,000 copies. (2) That at the present time, January 1, 1897, 1,130 copies have already been subscribed for. (3) That within six months after publication 2,500 copies will be in use. (4) That within a reasonable time thereafter the remainder of the first edition will be in use. Satisfactory proof of the above guarantee will be furnished to parties interested at their request."

It had judgment for such sum. One allegation of the complaint, and a necessary one, was "that the plaintiff has fully complied with all the stipulations of the agreement." Appellant agreed to pay "$250 on publication thereof and delivery to us two copies." "The guarantee of circulation" is made "a condition of the contract." The guarantee of circulation provides that the first edition printed will consist of 5,000 copies. The benefit to be received by appellant from the printing of his advertisement was dependent upon the extent of its publication. Such extent was fixed by the agreement, and, in order to recover, appellee was bound to show publication made as stipulated. *Crane* v. *Indiana, etc., R. Co.,* 59 Ind. 165, 168. A substantial compliance is what the law requires in such cases. *Johnson* v. *Bucklen,* 9 Ind. App. 154, 157.

The publication of the agreed number of books containing the advertisement was the consideration of the promise to pay the $250, and it is contractual. The publication upon which the obligation to pay $250 would arise was such publication as had been agreed upon. The term publication is defined by Webster as "the act of offering a book to the public by sale or distribution"; by Worcester as "putting forth, issuing to the public"; by the Standard dictionary as "issuing, sending out, placing on sale." The publication referred to in the contract is the publication of the first edition. An edition is the "total number of copies issued

or published at once." It follows that under the allegation of performance appellee was bound to prove the publication of an edition of 5,000 copies of its book. No attempt was made to show the publication of such an edition. The stipulations of the agreement are not shown to have been complied with by appellee, either strictly or substantially.

No evidence was introduced by appellant, and upon the showing made by the appellee, the judgment is reversed, with instructions to sustain the appellants' motion for a new trial, and for further proceedings not inconsistent herewith.