## KELVINATOR SALES CORPORATION v. GOEBEL.

### No. 7782.

Circuit Court of Appeals, Fifth Circuit.

Nov. 13, 1935.

W. Colquitt Carter, of Atlanta, Ga., and Richard Ford, of Detroit, Mich., for appellant.

Chas. S. Reid and James K. Rankin, both of Atlanta, Ga., for appellee.

Before HUTCHESON and WALKER, Circuit Judges, and HOLMES, District Judge.

## HUTCHESON, Circuit Judge.

This suit was brought by appellee as assignee of one Daubs, appellant's Georgia distributor, to recover sums claimed to be due by it because of its having canceled Daubs' contract. Tried to a jury, it resulted in a verdict and judgment for $3,000.

Appellant relies for reversal on two claimed errors; the allowance of a trial amendment, and the failure of the trial court to peremptorily instruct out of the case an item of $4,802.74. . This item is the amount claimed as due on account of appellant's failure to repurchase Kelvinator products left in the distributor's hands when his contract was canceled.

Appellant as first party, and Daubs as second party, in June, 1929, made a contract consisting of a base agreement, and supplements, for the distribution in Georgia of appellant's merchandise. The base agreement, standing alone, gave each party, without limitation and without liability to the other, the right to cancel the agreement upon notice. But it did not stand alone. By one of the supplements to it[1] appellant imposed limitations on its right of cancellation by in effect agreeing that, if it canceled unless for the causes stated in the supplement, it would take back at current distributor's prices; the stock Daubs had on hand. In 1931, after considerable discussion and controversy throughout the fall of 1930, the contract with Daubs was canceled and a new distributor was appointed. At no time in the course of the discussions and actions preceding and following the cancellation did appellant claim that Daubs had either failed "to fulfill all distributor functions," or that his "quarterly purchases of Kelvinator products" had fallen short. It did not, on that score, refuse to purchase from Daubs "all Kelvinator products of current

issue and in merchandisable condition," as provided in the supplemental agreement, on his hands at the time of cancellation. On the contrary, it purchased a considerable part of what he had on hand, refusing the balance only on the ground that they were not products "of current issue and in merchandisable condition."

Daubs, without a distributor's contract, unable to dispose of the refused stock at current distributor's prices, sold it out from time to time at what he claimed was the market value, and assigned all his claims, including that on this item, to appellee.

As first brought, the petition set up appellant's agreement to repurchase the merchandise on hand, its breach of that agreement, and as to this item $7,325.85 as the value at current distributor's prices of the merchandise on hand. Appellant, answering, did not deny liability under the repurchase agreement on the ground that it had canceled the contract for cause. It denied that it had canceled the contract, and pleaded that Daubs had. Thereafter, plaintiff, by amendment as to the items of merchandise with which this appeal is concerned, alleged that they had all been sold and that appellee had received for them a total of $2,622.16. The case was tried on these pleadings, except that appellee was allowed, after the conclusion of the argument of counsel, to file a trial amendment.[2] This was allowed over the objection of appellant that appellee had elected, as the remedy upon which to base his suit, to recover for the difference between the contract price and the price of resale, and that he could not now by amendment change the basis of his recovery. It further objected that there was no evidence in the record to sustain the allegations of the amendment. In addition to the accounting evidence as to debits and credits between appellant and its distributor, a great deal of evidence was offered as to who had canceled the contract, and as to settlements which each side claimed

[1] "First party hereby agrees that, so long as party of the second part fulfills all distributor functions as stipulated in the Base Agreement hereinbefore mentioned, and whose quarterly purchase of Kelvinator products shall equal or exceed the distributing territory's proportion of the National Sales Volume, shall not cancel this agreement except by agreeing to purchase from the second party, all Kel-

vinator products of current issue and in merchandisable condition at prevailing current distributor prices, plus freight from Detroit to Atlanta."

[2] "Plaintiff shows that the fair value of the inventory of merchandise left on hand with Kelvinator Georgia Company as set up in the original petition, which was not shipped to Detroit by reason of the facts therein stated, was $2622.16."

had been made. In addition, upon appellee's contention that Daubs had not understood the supplemental agreement as requiring him to make any specified number of purchases, and that the provision in it, "and whose quarterly purchases of Kelvinator products shall equal or exceed the distributing territory's proportion of the National Sales volume," was ambiguous, the court permitted both sides to prove the negotiations which had led up to its making, and what had been said between them in connection with it. All of this testimony, along with that of one of appellant's accountants as to what "the distributing territory's proportion of the National Sales volume" was, the court sent to the jury, under instructions not excepted to, for them to determine what the supplemental contract was and whether there had been a breach of it.

In addition to these issues, the court submitted, still without exception, the issue of who had in fact canceled the contract, what amount of Kelvinator products of "current issue and merchandisable condition" in distributor's hands at the time of cancellation appellant had refused to take, and whether the net amount of $4,-802.74, claimed on account of this purchase agreement item, represented the difference between the current distributor prices for these items, and their market value at the time of the refusal to take them. None of these charges were excepted to. Appellant stood in the court below, and stands here, as to this item, on its exception to the allowance of the trial amendment, and that to the refusal of the requested charges to withdraw this whole item from the jury.

Its first point on the amendment is based upon the claim that appellee, by pleading as he did before the amendment that the distributor's prices for the goods appellant did not take back aggregated $7,-424.90, that he had sold them for $2,622.16, leaving a balance due of $4,802.74, had elected the second remedy provided for by a seller by section 4131, Georgia Civil Code 1910, and could not by amendment change his position.

We do not think this point well taken. If the suit be treated as a suit under section 4131 by a seller against a defaulting buyer, we think the Georgia decisions make it plain that it is not what the seller pleads he did, but what he actually did, that constitutes the election, and where,

as here, the method of selling as agent for the vendee was neither actually selected nor pleaded, the mere allegation that the goods had been sold did not at all prevent amendment of the pleadings to recover the difference between the contract price and the market price at the time and place of breach. Harris & Co. v. P. E. Vallee & Co., 29 Ga. App. 769, 116 S. E. 642; Rowland Co. v. H. V. Kell Co., 27 Ga. App. 107, 107 S. E. 602. Besides, we do not think this is a case of a seller suing a defaulting purchaser. The contract, made the basis of this suit, in effect declared that if appellant canceled the contract it would take back its goods. It was the damage from the breach of this agreement, the agreement to take back at a price, for which appellee sued. For that breach the true measure of recovery was such amounts as were necessary to make the distributor whole as to the goods which he had purchased from the company in reliance upon its agreement to take them off his hands in case it canceled. In such a suit appellant cannot complain if, without charging it for costs of carrying, storage, and costs of sale, the plaintiff, who has in a good-faith effort to minimize his damages sold the goods left on his hands for their market value, claims reimbursement only for the difference between the cost of the goods to him and what he has received for their resale.

Equally without merit is the second point made against the amendment, that it did not conform to the proof. Daubs testified positively that the prices he sold the goods for represented their market value. The appellant offered no contrary proof.

Turning now to appellant's other point, the one on which it mainly relies for reversal, that there was error in failing to instruct the repurchase item entirely out of the case, we think an analysis of it will show it to be no better taken.

Appellant insists that the supplemental contract imposed, as conditions precedent to appellant's obligation to repurchase the merchandise, that Daubs should "fulfill all distributor functions," and that his quarterly purchase of Kelvinator products should equal or exceed "the distributing territory's proportion of the National Sales Volume." It insists that not only has appellee failed to prove the existence of these conditions, but appellant has affirmatively,

744

at least as to the condition of quarterly purchases, disproved their existence.

Whether the supplemental agreement imposed conditions precedent, the existence of which appellee must prove before he can recover, or whether it merely offered matters of defense which appellant must plead and prove, we do not think it necessary to decide. It is quite clear, we think, that appellee made out a case for recovery, whether the agreement be construed as appellee contends, as effecting a surrender of appellant's right to cancel, except for cause set out in it, the existence of which appellant must plead and prove, or, as contended by appellant, the agreement provides that, without at all surrendering its right to cancel, it would exercise that right subject to the obligation to repurchase, if the distributor could show that he was complying with the conditions named in it. The evidence fully authorized the jury to find as it did, that appellant canceled the contract without cause, and that it was therefore liable as to all of the goods left on the distributor's hands which it failed to take back for losses caused by the breach of its agreement to do so.

Appellant's contention that the only evidence in the case on the question of the distributor's compliance with his agreement for quarterly purchases was the testimony of its accountant that he did not comply will not do. The acts of appellant in failing at any time during the long-drawn out discussions and negotiations it had with Daubs to claim failure of compliance on his part with the conditions of the agreement; its action in taking back a large part of the merchandise and in rejecting the part it did reject, not on the ground of distributor's failure to fulfill his functions, and make his quota purchases, but on the ground that the rejected articles were not "products of current issue, and in merchandisable condition," far outweighed the opinionative hypothetical testimony of the appellant's witness as to how the distributing territory's proportion of the National Sales volume was arrived at, and what it was. Appellant's acts and conduct constitute speaking, in fact overwhelming, testimony to the fact either that Daubs was at the time of the cancellation complying fully with his agreement, or that appellant waived such compliance. McDaniel et al. v. Mallary Bros. Mach. Co., 6 Ga. App. 848, 66 S. E. 146; Johnson v. Bucklen et al., 9 Ind. App. 154, 36 N. E.

176; Watson v. White, 152 Ill. 364, 38 N. E. 902; Champion Spark Plug Co. v. Automobile Sundries Co. (C. C. A.) 273 F. 74; Bennett v. Cosmopolitan Fire Ins. Co. (C. C. A.) 50 F.(2d) 1017.

We find no reversible error.

The judgment is affirmed.