PENMANTA CORPORATION, Appellant (Defendant Below),

v.

Edward HOLLIS, Appellee (Plaintiff Below).

No. 55A01–8611–CV–300.

Court of Appeals of Indiana, First District.

March 15, 1988.

Rehearing Denied April 28, 1988.

Rodney V. Taylor, David J. Theising, Debora J. Waltz, Lowe Gray Steele & Hoffman, Indianapolis, Andrew A. Szakaly, Jr., Nashville, for appellant.

James T. Roberts, Nashville, for appellee.

ROBERTSON, Judge.

The defendant-appellant Penmanta Corporation (Penmanta) appeals from a $300,000 jury verdict and judgment in favor of the plaintiff-appellee Edward Hollis (Hollis). For the reasons stated hereafter, we reverse.

Hollis and his wife operated a business in Nashville, Indiana, known as the Toy Chest. They sold toys, crafts and collectibles. As a part of that business, a miniature circus exhibit which was hand carved by Hollis in quarter-inch scale was on display. Admission to the display was 50 cents for adults and 25 cents for children. The display portrayed the Hagenbeck–Wallace Circus as it appeared in 1934. The hand-carved items included circus animals, performers, tents, wagons, and railroad cars.

The business and display was located in a building owned by Penmanta and leased by Hollis. The written real estate lease was executed by the parties on November 28, 1979, and expired by its own terms on December 31, 1982. Although the lease expired, Hollis continued in possession of the property and paid the rent. An early morning fire on August 13, 1983 substantially damaged the circus exhibit. Hollis sought damages from Penmanta based upon Penmanta's negligence, among other things, in maintaining the premises. Penmanta now appeals from the resulting judgment.

Because we reverse, the only issue to be decided is the propriety of the trial court's ruling on Penmanta's motion for summary judgment. The thrust of that ruling was a general finding that the terms and conditions of the written real estate lease, including the exculpatory clause, did not govern the landlord-tenant relationship during the hold-over tenancy.

The lease in question contained an exculpatory clause which barred claims against Penmanta for damage or injury to Hollis or his property resulting from the failure of Penmanta to keep the premises in repair. Another provision in the lease reads:

No holding over by [Hollis] hereunder shall constitute a renewal or extension of the terms of this lease except upon written consent of [Penmanta].

Penmanta's position is summarized in a footnote in *Mooney–Mueller–Ward, Inc. v. Woods* (1978), 175 Ind.App. 302, 371 N.E.2d 400 at 403:

... when a lessee under a lease for definite term holds over after the expiration of that term, the lessor has the option of treating the lessee as a trespasser or of treating the lessee as a tenant. In the absence of agreement to the contrary when a tenant holds over beyond the expiration of the lease, and the lessor does not treat the tenant as a trespasser by evicting him, the parties are deemed to have continued the tenancy under the terms of the expired lease. (Citations omitted.)

Hollis agrees with the foregoing quote as a statement of a general rule of law but disagrees with its applicability to the facts of this case because of the previously quoted lease provision requiring the written

consent of Penmanta for Hollis to hold over under a lease renewal or extension. Quoting 49 *AM.JUR.*2d "Landlord and Tenant" § 1136 (1970) Hollis argues that:

Necessarily, rules as to hold over tenancies have no application where there is a contrary mutual understanding as to the tenant's continued occupancy of the premises. Such an agreement takes the place of the presumption as to holding over that the law otherwise raises. In other words, the legal presumption of a renewal of the tenancy from the holding over of the tenant can be rebutted by proof of a contrary intention on the part of the landlord alone, or of both parties, but not on the part of the tenant alone. The parties to a lease may therein expressly provide for or subsequently agree to a holding over, and as to what the nature of the tenancy shall be after the expiration of the term; such a provision or agreement will govern[.]

Initially we observe that our standard of review is:

In reviewing a motion for summary judgment, the appellate court applies the same standard as that employed by trial courts: summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and testimony, if any, show that there was no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Pike County v. State ex rel Hardin,* (1984) Ind.App., 469 N.E.2d 1188: Ind.Rules of Procedure Trial Rule 56(C).

*King v. Bartholomew Hospital Corp.* (1985), Ind.App., 476 N.E.2d 877, 880, *trans. denied.*

The facts which were before the trial court are that the written lease between the parties had by its own terms expired some eight and one-half months prior to the fire; that Hollis had made timely payments of rent in the amount specified in the written lease; that Penmanta accepted the rent unconditionally; that Hollis continued in possession of the premises; and, that neither party had made mention to the other that the lease had expired. In other words, the lessee and the lessor continued their landlord-tenant relationship in the same manner as if the lease had not expired.

The rule of law relating to hold-over tenants has been summarized in the recent case of *City of Bloomington v. Kuruzovich* (1987), Ind.App., 517 N.E.2d 408 at 411:

Generally, when a tenant holds over past the term of his lease, the lease is renewed. *Speiser v. Addis* (1980), Ind. App., 411 N.E.2d 439. The renewed lease contains the same terms, and is subject to the same conditions, as the original lease. *Myers v. Maris* (1975), 164 Ind.App. 34, 326 N.E.2d 577.

It has been held that where a tenant holds over after the lease has expired the inference that the parties consent to a continuation of the same terms is so strong that it is adopted as a rule of law. *New York, C. & St. L.R. Co. v. Randall* (1885), 102 Ind. 453, 26 N.E. 122.

Among other things, waiver is defined as conduct which warrants an inference of the relinquishment of a right. *Black's Law Dictionary,* 1417 (5th ed., 1979). Additionally, it is elementary contract law that a condition in a contract, including a condition precedent, may be waived by the conduct of a party thereto. *Johnson v. Bucklen et al.* (1894), 9 Ind.App. 154, 36 N.E. 176; *Parrish v. Terre Haute Sav. Bank* (1982), Ind.App., 431 N.E.2d 132.

In light of the facts before us we can only conclude that Penmanta's conduct in failing to give notice, or take any affirmative step to show a contrary intent, constitutes a waiver of the giving of written notice as provided for in the initial lease. By operation of law, therefore, the previously quoted rule of law from *Mooney–Mueller–Ward, supra,* comes into effect. That being the case the trial court committed reversible error by failing to grant summary judgment on this issue.

In so holding, we are cognizant of the rule stated in *Carsten v. Eickhoff* (1975) 163 Ind.App. 294, 323 N.E.2d 664, *trans. denied,* where it was held that if notice for

renewal or extension is stipulated it must be given. However, *Carsten* does not address the question of waiver by the party obligated by the lease to give notice.

This cause is reversed and remanded to the trial court for the purpose of entering summary judgment for the defendant-appellant Penmanta.

Reversed and remanded.

NEAL, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

As noted in *City of Bloomington v. Kuruzovich* (1987) 4th Dist., Ind.App., 517 N.E.2d 408, quoted in part by the majority opinion, not all of the terms and conditions of the original lease are incorporated into a holdover tenancy. When the original lease was for more than one year, the holdover term is from year to year. *Id.* at 411. It would not, therefore, be unreasonable to conclude that a contractual provision particularly unfavored in the law, such as an exculpatory provision, might be excluded from the terms and conditions of a holdover tenancy.

Exculpatory clauses are carefully scrutinized even when specifically agreed to by the parties. *Weaver v. American Oil Co.* (1971) 257 Ind. 458, 276 N.E.2d 144. Such extremely harsh, if not unconscionable, provisions might well draw even more unfavorable scrutiny if merely incorporated by inference into a landlord-tenant relationship.

If terms and conditions of an original lease (other than the duration of the tenancy) are to be excluded from a holdover relationship, that determination should come from the General Assembly or the Indiana Supreme Court.

Be that as it may, I am unwilling to state that a holdover lessee might, *after the fact,* bind himself to favorable provisions but disavow those which are unfavorable.

For this reason I concur in the reversal and remand.