**STATE of Indiana and Indiana DEPARTMENT OF NATURAL RESOURCES, Appellants–Defendants,**

**v.**

**CCI, LLC d/b/a Carpet Corner of Indianapolis, Appellee–Plaintiff.**

No. 49A02–0602–CV–138.

Court of Appeals of Indiana.

Jan. 25, 2007.

Steve Carter, Attorney General of Indiana, David L. Steiner, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellants.

A. Douglas Stephens, Clermont, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

The State of Indiana and the Department of Natural Resources (collectively, "the State") appeal a judgment for CCI, LLC d/b/a Carpet Corner of Indianapolis. The State argues CCI is entitled neither to judgment on a theory of unjust enrichment nor to attorney fees. CCI argues the State improperly retained funds belonging to Voils Construction, including funds Voils owes CCI. Because CCI concedes the State was not unjustly enriched and because CCI did not prove Voils owns the retained funds, the trial court erred by ordering the State to pay CCI. Accordingly, we reverse and remand.

## DISCUSSION AND DECISION

In September 2000, the State and Voils entered into a contract regarding improvements at Mounds State Park in Anderson. Voils, the general contractor, hired CCI to lay tile and carpet in the visitor's center. Between October 2001 and May 2002, CCI submitted to Voils four requests for payment totaling $35,450.

During the project, Voils requested partial payments from the State based on the work completed. The ninth request for partial payment, dated March 2002, requested $10,000 for carpeting and indicated Voils had requested $25,900 under a previous application for payment for the tile work. The tenth request for payment, dated May 2002, reflects both prior requests. Both applications for payment include an affidavit from Voils "that all bills or claims from subcontractors, materialmen and laborers employed or furnishing supplies and/or equipment, for or in connection with this contract have been paid their prorata share of previous payments." (Ex. 1.)

The State issued checks to Voils in April 2002 [1] and July 2002, reflecting the claim amounts minus a retainage.[2] Voils paid CCI $8,400 in December 2001 and $6,600 in February 2002. CCI did not receive any additional payments from Voils.

Dissatisfied with the quality and pace of Voils' work, the State terminated its contract with Voils in November 2002. At that time, the total retainage on the project was approximately $27,000. The State hired others to complete the work on the project, ultimately paying about $100,000 more than required by the contract with Voils.

In April 2003, Voils sued the State for breach of contract, and the State counter-

---

1. The April 2002 check was issued based on the ninth application for payment. However, the $25,900 previously requested would have been paid prior to this application. The State did not submit at trial the relevant application for payment or a copy of the check that would have included the $25,900 claim and payment.

2. Retainage is a "percentage of what a landowner pays a contractor, withheld until the construction has been satisfactorily completed and all mechanic's liens are released or have expired." Black's Law Dictionary 1317 (7th ed.1999).

claimed for compensatory damages in June 2003. CCI petitioned to intervene in March 2004 and filed a complaint against both Voils and the State for breach of contract and unjust enrichment.

A bench trial was held on August 16, 2005. Voils' complaint against the State was dismissed for failure to prosecute and the State withdrew its counterclaim. The court's order, in relevant part, provided:

> (5) The Court finds in favor of CCI, LLC d/b/a Carpet Corner of Indianapolis on its Cross Claim against Voils Construction, the State of Indiana and the Department of Natural Resources and enters a Judgment in favor of the Cross Claim Plaintiff and against the Cross Claim Defendants in the amount of $20,450.00 plus interest from this date plus attorney fees in the amount of $3,150.00. Cross Claim Defendants State of Indiana and the Department of Natural Resources are Ordered to pay this amount to CCI, LLC from the contract retainage on this project within thirty (30) days of the date of the Order.
> (6) The Court further Orders that the State of Indiana and the Department of Natural Resources are permitted to file a Complaint for indemnification for this judgment against Voils Construction within this cause of action within thirty (30) days of the date of this Order.

(App. at 9–10.)

### DISCUSSION AND DECISION

The trial court entered a general judgment in favor of CCI. We will affirm if the judgment can be sustained on any legal theory supported by the evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. *Skiles v. Skiles,* 646 N.E.2d 353, 355 (Ind.Ct.App.1995), *trans. denied.* We also consider any uncontradicted evidence. *Id.* We neither weigh the evidence nor judge witness credibility. *Harrison v. Thomas,* 761 N.E.2d 816, 816 (Ind.2002), *reh'g denied.*

The State asserts CCI failed to demonstrate the State was unjustly enriched. In a dispute between a subcontractor and a property owner, we evaluate four criteria to determine whether the evidence supports a judgment under a theory of unjust enrichment:

> 1) whether the owner impliedly requested the subcontractor to do the work; 2) whether the owner reasonably expected to pay the subcontractor, or the subcontractor reasonably expected to be paid by the owner; 3) whether there was an actual wrong perpetrated by the owner; and 4) whether the owner's conduct was so active and instrumental that the owner "stepped into the shoes" of the contractor.

*Encore Const. Corp. v. SC Bodner Const., Inc.,* 765 N.E.2d 223, 226 (Ind.Ct.App. 2002). "The pivotal concept of 'unjust enrichment' is the occurrence of a wrong or something unjust." *Savoree v. Indus. Contracting & Erecting, Inc.,* 789 N.E.2d 1013, 1020 (Ind.Ct.App.2003). In its brief, CCI concedes its "unjust enrichment theory must fail" because "CCI can point to no 'wrongfull' [sic] enrichment" based on the State's payments to Voils. (Br. of Appellees at 7.)

Nevertheless, CCI argues the judgment was not a direct claim against the State but rather "a claim on the money [the State] held for Voils, which CCI claims it is owed." (*Id.*) According to CCI, Voils owns the retainage, and the State has improperly claimed ownership of the retainage because "only CCI has a lien or legal claim to it now." (*Id.*) CCI asserts "the State cannot keep the money in the retainage, that it does not own, at the expense of CCI." (*Id.* at 3.) To do so, CCI

**654**

argues, would be "a wrongful enrichment to the State." (*Id.*) We disagree.

■ With respect to the ownership of retainages, we have noted:

> [T]he general purpose of a retainage agreement is "to create a temporary fund to insure all the better the payment of claims against the work, and to enable better the owner, or the surety, in the event of necessity, to complete the undertaking." In other words, the money belongs to the general contractor but is retained as needed to ensure that the work is completed and that subcontractors are paid.

*Indianapolis Pub. Hous. Agency v. Aegean Const. Servs., Inc.*, 755 N.E.2d 237, 241 (Ind.Ct.App.2001) (internal citations omitted). In a similar situation, we held the owner has a right of set-off against the contractor as to any monies owed to the owner by the contractor as a result of the contractor's breach of contract. *Blade Corp. v. Am. Drywall, Inc.*, 400 N.E.2d 1183, 1186 (Ind.Ct.App.1980). Damages for breach of contract can be measured by the actual cost of completion. *Id.* at 1187.

It was uncontradicted that the State spent over $100,000 more than Voils' contract price to complete the project. That amount greatly exceeded the $27,000 held in retainage. Accordingly, CCI has not demonstrated Voils owns the retainage and, as a result, CCI has no claim against the money held in the retainage. The trial court erred in entering judgment against the State and awarding attorney fees. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.

BAILEY, J. and RILEY, J. concur.