**In re the MARRIAGE OF Thomas JACKSON, Appellant–Petitioner,**

**and**

**Crystal Jackson Hamilton, Appellee–Respondent.**

**No. 84A01–9702–CV–64.**

Court of Appeals of Indiana.

May 30, 1997.

---

Barry A. Bostrom, Bopp, Coleson & Bostrom, Terre Haute, for Appellant–Petitioner.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

In 1989, the trial court dissolved the marriage of Thomas Jackson ("Jackson") and Crystal Jackson Hamilton ("Hamilton") and ordered Jackson to pay child support. Jackson accumulated a support arrearage, and in January of 1996, the court ordered him to pay $15,950.00 in unpaid child support. He now appeals.

We reverse.

### ISSUE

Jackson presents several issues for our review, which we consolidate and restate as whether the trial court erred when it ordered Jackson to pay child support arrearage.

### FACTS

On November 10, 1989, the trial court dissolved the parties' marriage. The dissolution decree ordered joint physical custody of the couple's two minor children and required Jackson to pay $50.00 each week in child support. In January of 1996, Jackson received a Notice of Intent to Withhold Income for unpaid child support of $15,950.00. In response, Jackson filed a Petition for Modification and for Relief From the Child Support Order. After a hearing, the trial court entered the following Findings of Fact, Conclusion of Law and Order:

### FINDINGS OF FACT

1. A divorce decree was entered on November 10, 1989, granting joint custody of the minor children, physical custody to be split equally between the parties, and requiring Father to pay child support at the rate of $50.00 per week.

2. Kenny Thomas Jackson, born July 10, 1978, and Kevin Michael Jackson, born July 23, 1980, have been living with their Father for the past six years. Father has provided nearly all of their living expenses including shelter, food, medical care, clothes, transportation, and schooling. Mother has provided few of their living expenses, limited primarily to food while they visited her, and gifts of clothing on occasion. However, Father has not paid child support into the office of the Clerk as required by the divorce decree. Mother reports that Father paid $150.00 cash to her within a few weeks after the divorce.

3. Father testified that soon after the divorce, he and Mother entered [into] a verbal agreement that he would have physical custody and would not pay child support, and that Mother soon thereafter moved to Indianapolis. Mother denied that she ever made such a verbal agreement.

4. On January 8, 1996, Mother filed a Notice of Intent to Withhold Income through the Office of the Prosecuting Attorney.... as custodial parent, but no Order was ever issued. Mother opposes Father's Petition for Relief From Child Support Order. The Notice alleges a child support arrearage of $15,950.00.

5. Father reports an income of $25,000 to $35,000 annually. Mother reports no income.

6. Mother has had visitation with Kevin and Kenny three to four days per month since the dissolution.

7. Kenny is eighteen years old, is not in school, and has a job.

8. Kevin is sixteen years old and is a sophomore at Northview High.

## CONCLUSIONS OF LAW

1. Circumstances have changed in so substantial and continuing way [sic] as to make the terms of the divorce decree entered on November 10, 1989, unreasonable.

2. Kenny Jackson is hereby declared emancipated.

3. Although there is some evidence that Kevin Jackson has been truant from school in the past, there is no evidence that a change in custody to the Mother is in his best interest. Custody of Kevin Jackson is hereby modified so that physical custody will be with his Father. Mother will have visitation according to the Vigo County Guidelines.

4. According to the Indiana Supreme Court, the general rule is that an "obligated parent will not be allowed credit for payments not conforming to the support order." *O'Neil v. O'Neil,* 535 N.E.2d 523, 524 (Ind.1989). However, "a narrow exception to the rule may exist in a case where the obligated parent, by agreement with the custodial parent, has taken the child or children into his or her home, has assumed custody of them, has provided them with food, clothing, shelter, medical attention, and school supplied, and has exercised parental control over their activities and education for such an extended period of time that a permanent change of custody is demonstrated." *Id.* at 524....

5. The Court finds that the evidence in this case does not support a finding that an exception to the rule exists.

Based on the above Findings of Fact and Conclusions of Law IT IS HEREBY ORDERED ... that the Father is in arrears as to the support of the minor children in the sum of $15,950.00....

Jackson appeals from that order.

## DISCUSSION AND DECISION

### Standard of Review

▮ Initially, we note that Hamilton has not filed a brief. In such cases, we may reverse the trial court if the appellant makes a prima facie showing of reversible error. *In re Marriage of Brown* 597 N.E.2d 1297, 1299 (Ind.Ct.App.1992). The prima facie error rule protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with the appellee. *Id.* However, it is within our discretion to decide a case on the merits. *Head v. State,* 632 N.E.2d 749, 750 (Ind.Ct.App.1994). We choose to exercise that discretion in this case.

▮ The trial court entered special findings and conclusions sua sponte. When reviewing special findings, we employ a two-tiered standard of review. *Edward D. Jones & Co. v. Cole,* 643 N.E.2d 402, 405 (Ind.Ct.App.1994). First, we determine whether the evidence supports the findings and second, whether the findings support the judgment. *Vanderburgh County Bd. of Comm'r v. Rittenhouse,* 575 N.E.2d 663, 665 (Ind.Ct.App. 1991). When a trial court enters such findings sua sponte, the special findings control only as to the issues they cover, while a general judgment standard applies to any issue upon which the court has not entered findings. *In re Marriage of Snemis,* 575 N.E.2d 650, 652 (Ind.Ct.App.1991). We may affirm a general judgment on any theory supported by the evidence. *Id.*

In this case, we conclude that the evidence supports the findings. Thus, we must determine whether the judgment is inconsistent with the special findings and, hence, clearly erroneous. IND. TRIAL RULE 52(A)(3), (B)(4); *see American Cyanamid Co. v. Stephen,* 623 N.E.2d 1065, 1070 (Ind.Ct.App.1993).

### Child Support Arrearage

▮ As the trial court indicated, Indiana's general rule states that "an obligated parent will not be allowed credit for payments not conforming to the support order." *O'Neil v. O'Neil,* 535 N.E.2d 523, 524 (Ind. 1989); *In re Marriage of Baker,* 550 N.E.2d 82, 87 (Ind.Ct.App.1990). However, there are exceptions to the general rule. *See In re Marriage of Baker,* 550 N.E.2d at 87. An obligated parent may be relieved from its burden under a support order where:

[T]he obligated parent by agreement with the custodial parent has taken the children into his or her home, assumed custody of them, provided them with necessities, and has exercised control over their activities for such an extended period of time that a permanent change of custody has in effect occurred.

*Id.*

Here, the court found that the parties' children have lived with Jackson since 1989 and that during that time he provided "nearly all of their living expenses." In contrast, Hamilton provided very little financial support and has only cared for the children three or four days out of every month. Hamilton testified that she did not verbally agree to alter the custodial arrangement set forth in the divorce decree. However, by her prolonged acquiescence, and by her own failure to support her children, Hamilton has consented to the current custodial arrangement in which Jackson has assumed almost total responsibility for them. She cannot now complain that she never actually agreed to give Jackson primary physical custody of the children in lieu of child support payments.

The trial court's award to Hamilton unjustly burdens Jackson and grants Hamilton a windfall in that the money cannot be used to reimburse her for support she never provided. The trial court's judgment is inconsistent with its findings, which do not support its conclusion that Jackson should be liable for unpaid child support. This case falls within the recognized exception. *See id.* 550 N.E.2d at 87. We reverse that portion of the trial court's judgment which orders Jackson to pay $15,950.00 in child support arrearage.

Reversed.

BAKER and RILEY, JJ., concur.