**Scot BEEHLER, Appellant,**

**v.**

**Angela E. BEEHLER, Appellee.**

**No. 20A05–9709–CV–419.**

Court of Appeals of Indiana.

April 15, 1998.

Max K. Walker, Jr., Elkhart, for Appellant.

## OPINION

BAILEY, Judge.

### Case Summary

Scot A. Beehler ("Father") appeals the trial court's amended order granting Angela E. Beehler ("Mother") a credit against her delinquent child support obligation and modifying the terms of the parties' support obligations. We affirm in part and reverse in part.

### Issue

Father raises three issues on appeal which we consolidate and restate as follows:

Whether the trial court erred in granting Mother a credit against her child support arrearage.

### Facts

The marriage of the parties was dissolved on February 9, 1995. Father was awarded primary physical custody of the parties' three minor children, and Mother was ordered to pay child support in the amount of $83.00 per week. On December 8, 1995, Father filed a Verified Showing of Non–Compliance alleging that Mother was in arrears on her support obligation. At a hearing on the petition, the parties stipulated that the amount of Mother's arrearage totaled $2,250.00. The trial court thereafter set forth the terms under which Mother was ordered to pay the arrearage.

On October 8, 1996, Father filed a second Verified Showing of Non–Compliance, seeking to have Mother held in contempt for failing to comply with the court's order directing her to pay her support arrearage. Mother countered by filing a Petition to Modify Custody and Support, seeking to obtain custody of all three children. At the hearing on the motions, the parties stipulated that Mother's support arrearage totaled $2,160.00. The parties further stipulated that two of the three children had resided with Mother for eleven weeks in the spring

of 1996, and that one child had been living with Mother continuously since August, 1996. After a hearing the trial court entered an order modifying the terms of child custody and support. Among other things, the court awarded primary physical custody of one of the children to Mother and found that Mother should be granted a $1,375.00 credit against her child support arrearage for the period of time during which two of the children had resided with her. The court thus reduced Mother's child support arrearage to $785.00. This appeal followed.

## Discussion and Decision

### Standard of Review

Generally, decisions regarding child support rest within the sound discretion of the trial court. *Beckler v. Hart*, 660 N.E.2d 1387, 1389 (Ind.Ct.App.1996). We will reverse only for an abuse of discretion or if the trial court's determination is contrary to law. *Id.* Further, we note at the outset that Mother has failed to file an Appellee's Brief. When an appellee fails to submit a brief on appeal, we may reverse the trial court's ruling upon a showing of prima facie error. *In re Marriage of Jackson*, 682 N.E.2d 549, 551 (Ind.Ct.App.1997).[1] Consequently, although it is within our discretion to decide such a case on the merits, *see id.*, we may also reverse upon a finding of prima facie error by the trial court.

### Modification of Support Arrearage

Father asserts the trial court erred in granting Mother a credit against her child support arrearage for the eleven-week period during which two of the parties' three children resided with Mother. According to Father, the trial court's order retroactively modified Mother's duty to pay her delinquent support obligation and therefore amounts to an abuse of discretion. Further, Father claims, the court erroneously ordered the modification to relate back to a date earlier than the filing of the petition to modify.

An order for child support, established as part of a dissolution action, is intended to provide for the support and maintenance of the parties' minor children. *Fiste v. Fiste*, 627 N.E.2d 1368, 1373 (Ind.Ct.App. 1994). Until the terms of the support order are modified, the noncustodial parent must make support payments in the manner, amount, and at the times required by the support order. *Id.; In re Marriage of Baker*, 550 N.E.2d 82, 87 (Ind.Ct.App.1990). A court is without power to retroactively modify an obligor's duty to pay a delinquent child support payment. IND.CODE § 31–16–16–6; *Indiana Dep't of Pub. Welfare v. Murphy*, 608 N.E.2d 1000, 1002 (Ind.Ct.App.1993). Stated differently, once funds have accrued to a child's benefit under a court order, the court may not annul them in a subsequent proceeding. *Nill v. Martin*, 686 N.E.2d 116, 118 (Ind.1997). Rather, all modifications to a support order must operate prospectively. *Giselbach v. Giselbach*, 481 N.E.2d 131, 134 (Ind.Ct.App.1985); *Whitman v. Whitman*, 405 N.E.2d 608, 611 (Ind.Ct.App.1980). The foregoing rule ensures that the best interests of the children will remain the paramount concern in a support determination. *Giselbach*, 481 N.E.2d at 134.

During the hearing on the parties' motions, Mother and Father stipulated that Mother had physical custody of two of the parties' three children between March and May, 1996. The trial court found that Mother was entitled to a $1,375.00 credit against her support arrearage for the eleven weeks during which the two children resided with her. It is true that we have permitted a credit to be granted against an accrued support obligation in the narrow situation when an obligated parent has taken the child into his or her home, assumed custody, provided necessities, and exercised parental control for such a period of time that a permanent change of custody is demonstrated. *Nill*, 686 N.E.2d at 118; *DeMichieli v. DeMichieli*, 585 N.E.2d 297, 302 (Ind.Ct.App.1992). However, in this case the record shows that

---

1. Prima facie error is error appearing at first sight, on first appearance, or on the face of the argument. *In re Marriage of Holley*, 659 N.E.2d 581, 583 (Ind.Ct.App.1995), *trans. denied.* The prima facie error rule protects this court and relieves it from the burden of controverting the arguments advanced for a reversal, a duty which properly remains with the appellee. *Jackson*, 682 N.E.2d at 551.

both Mother and Father agreed the children would reside with Mother for a term certain and thereafter be returned to Father's custody. The eleven weeks during which two of the children lived with Mother did not constitute an extended period of time from which a permanent change of custody could be inferred. Accordingly, Mother was not entitled to credit for those weeks. *See Bendix v. Bendix*, 550 N.E.2d 825, 827 (Ind.Ct.App. 1990), *trans. denied* (noncustodial parent not entitled to credit against child support obligation for short periods of time during which two children resided with him); *Jahn v. Jahn*, 179 Ind.App. 368, 385 N.E.2d 488, 491 (1979) (noncustodial parent held in contempt after refusing to pay support arrearage accumulated after parent claimed credit against support obligation for periods when children resided temporarily with him).

■■■■ Additionally, the law is clear that a modification of a support obligation may only relate back to the date the petition to modify was filed, and not an earlier date. *Hazuga v. Hazuga*, 648 N.E.2d 391, 394 (Ind. Ct.App.1995); *Donegan v. Donegan*, 605 N.E.2d 132, 133 n. 1 (Ind.1992). A trial court has the discretion to make a modification of support payments effective either at or any time after the filing of the petition. *Donegan*, 605 N.E.2d at 133 n. 1; *Smith v. Mobley*, 561 N.E.2d 504, 508 (Ind.Ct.App.1990), *trans. denied.* In this case, Mother's Petition to Modify Custody and Support was filed on October 21, 1997. The trial court's order modified Mother's support obligation for the eleven-week period between March and May, 1996, a period which clearly precedes the filing of the petition to modify. Father has met his burden of setting forth prima facie evidence that the trial court abused its discretion in granting Mother a credit against her support arrearage for the eleven-week period during which two of the parties' children resided with Mother. Accordingly, we reverse that portion of the trial court's order granting Mother a $1,375.00 credit against her child support arrearage.[2] In all other

respects the judgment of the trial court is affirmed.

Affirmed in part and reversed in part.

SHARPNACK, C.J., and HOFFMAN, J., concur.

**2.** Father also claims the trial court erroneously calculated Mother's credit using evidence of the parties' incomes at the time of dissolution rather than at the time of the hearing. However, because of our disposition of the case, we need not address this issue.