Jodi C. PAINTER, Appellant–
Petitioner,

v.

Thomas E. PAINTER, Appellee–
Respondent.

No. 49A02–0112–CV–880.

Court of Appeals of Indiana.

June 19, 2002.

Publication Ordered Aug. 13, 2002.

Steve Carter, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

## OPINION

ROBB, Judge.

Jodi Painter appeals from the trial court's order granting her ex-husband, Thomas Painter, credit toward his child support arrearage for amounts he contributed to their child's health insurance premiums. We reverse.

### Issue

Jodi raises a single issue for our review, which we restate as whether the trial court properly credited amounts Thomas had paid for his child's health insurance premi-

ums toward Thomas' child support arrearage.

### Facts and Procedural History

Jodi and Thomas were married in 1986, and are the parents of one child, L.K.P., born in 1987. Jodi and Thomas were divorced in 1989. They entered into a settlement agreement which was incorporated into their decree of dissolution. The settlement agreement provided that Thomas would pay $40.00 per week in child support. The agreement further provided that

> the parties shall maintain medical and dental insurance for the child of the parties not less extensive than their present level of benefits. The parties shall cooperate to facilitate payment and reimbursement by the insurers for said expenses. [Jodi] and [Thomas] further agree to split equally all routine medical, dental, prescriptive, and optical expenses not covered by their insurance.

Appellant's Appendix at 13–14. At an October 1991, modification hearing, the dissolution court ordered Thomas' support obligation increased to $75.00 per week beginning November 1, 1991, and further increased to $102.00 per week beginning May 1, 1992. At a June 1995, hearing, the court found that Thomas had an arrearage of $8,291.05 and ordered him to continue to pay the $102.00 weekly child support plus an additional $20.00 per week toward the arrearage pursuant to an income withholding order.

Jodi filed a motion for rule to show cause in April 2001, alleging that Thomas had failed to pay child support in accordance with the court's order. At a hearing on the motion, Thomas requested credit toward his arrearage in the amount of $3,215.00, which amount represents COBRA payments he had paid from September 2000 to April 2001. The court took the request under advisement and, at the next hearing, gave Thomas a credit of $1,690.00 toward his arrearage. A transcript of this hearing has not been provided on appeal, but Jodi's counsel filed an affidavit averring that the credit "represents the combined costs of health insurance premiums paid by [Thomas] and by [Jodi's] husband to cover the minor child of the parties divided by two, thereby essentially crediting [Thomas] with half the cost of premiums paid by both parties." Appellant's Appendix at 24. Jodi filed a motion to correct errors, which motion was denied. She now appeals.

### Discussion and Decision

### I. Standard of Review

#### A. Failure to File Appellee's Brief

■ We note initially that Thomas has failed to file an appellee's brief. In such a case, we need not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review, we may reverse the trial court if the appellant establishes prima facie error. *Railing v. Hawkins*, 746 N.E.2d 980, 982 (Ind.Ct.App.2001). "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Hamiter v. Torrence*, 717 N.E.2d 1249, 1252 (Ind.Ct.App.1999) (quoting *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985)).

#### B. Child Support

■ Generally, decisions regarding child support rest within the sound discretion of the trial court. *Beehler v. Beehler*, 693 N.E.2d 638, 640 (Ind.Ct.App.1998). We will reverse a trial court's decision in child support matters only for an abuse of discretion or if the trial court's determination is contrary to law. *Id.*

## II. Crediting Insurance Payments Against Child Support Arrearage

Thomas apparently argued at the hearing before the trial court that the COBRA payments should be considered non-conforming child support payments and credited against his child support arrearage. The COBRA payments were higher than the health insurance premiums Thomas had been paying prior to September 2000. Consideration of several factors leads us to the conclusion that the trial court erred in granting Thomas' request and giving him the credit.

█ First, no formal petition to modify child support was ever filed with the trial court. The case was before the trial court on Jodi's motion for rule to show cause why Thomas should not be held in contempt for failing to pay child support in accordance with the trial court's previous order. The arrearage was an amount Thomas owed to date under the previous order. Granting him a credit against that amount resulted in an erroneous retroactive modification of his past-due child support. "[A] court may not retroactively modify an obligor's duty to pay a delinquent support payment." Ind.Code § 31–16–16–6(a). The court

> may modify an obligor's duty to pay a support payment that becomes due: (1) after notice of the petition to modify the support order has been given either directly or through the appropriate agent to:
>
> (A) the obligee; or
>
> (B) if the obligee is the petitioner, the obligor; and
>
> (2) before a final order concerning the petition for modification is entered.

Ind.Code § 31–16–16–6(b). Therefore, even if we were to consider Thomas' oral request for a credit to be a petition to modify, he would not be entitled to a credit against his arrearage prior to the date of the hearing at which he requested such a modification. Only child support payments due after that date could be modified.

Further, the settlement agreement Jodi and Thomas entered into at the time their marriage was dissolved included two separate provisions: one regarding child support and one regarding health insurance for their child. Thomas was obligated to pay *both* child support and health insurance premiums, and his obligation to pay one was completely independent of his obligation to pay the other. That makes this case unlike *Kaplon v. Harris*, 567 N.E.2d 1130, 1133 (Ind.1991), in which our supreme court held that credit for payment of the child's funeral expenses against the father's arrearage was proper because funeral expenses are rarely, if ever, contemplated by a support order. Clearly, health insurance costs were contemplated by these parties as an expense separate from those expenses expected to be covered by child support payments. Therefore, the trial court erred in crediting payments Thomas made under one provision against his arrearage on the other.

### Conclusion

Jodi has shown a prima facie error in granting a credit for health insurance premiums paid by Thomas against his child support arrearage. That portion of the trial court's order giving Thomas a credit of $1,690.00 against his arrearage of $12,700 is reversed.

Reversed.

BAILEY, J., and NAJAM, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this appeal on June 19,

2002, marked Memorandum Decision, Not for Publication;

Comes now the Appellant, by counsel, and files herein Motion to Publish, alleging therein that the decision in this case clarifies rules of law relating to independent obligations to a child and modification of child support orders and prays this Court to order the decision published.

The Court having examined said Motion, having reviewed its opinion in this cause and being duly advised, now finds that the Appellant's Motion to Publish should be granted and this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Appellant's Motion to Publish is GRANTED and this Court's opinion heretofore handed down in this cause on June 19, 2002, marked Memorandum Decision, Not for Publication, in now ORDERED published.