**Rob FERGUSON, DVM,**
**Appellant–Plaintiff,**

**v.**

**Sandra STEVENS and Donald Stevens,**
**Appellees–Defendants.**

**No. 07A01–0508–CV–395.**

Court of Appeals of Indiana.

Aug. 1, 2006.

---

Brent E. Steele, Steele & Steele, LLC, Bedford, Attorney for Appellant.

## OPINION

VAIDIK, Judge.

### Case Summary

Rob Ferguson, D.V.M., appeals the trial court's decision to set aside a default judgment in his favor. We find that when service is by publication and the defendant has no actual notice of the default judgment, under Trial Rule 60(B)(4) a showing of a meritorious defense is required before the trial court can set aside the judgment. Because the trial court properly set aside the judgment, we affirm.

### Facts and Procedural History

Nashville, Indiana, has an ordinance requiring that a veterinarian inspect horses that pull carriages. After inspections, the horses' owners are required to file Veterinary Certificates of Examination for Carriage License with the city. Sandra and Donald Stevens operated a carriage ride business, East Fork Livery, in Nashville. However, city officials received word that some of the Stevens' horses looked ill.

Jack Dorsett from the Nashville Police Department pulled three Veterinary Certificates for horses belonging to the Stevenses to see if the horses had been inspected. The certificates, which described the horses as fit to work a daily schedule as a carriage animal on the public streets, bore the signature and address of Rob Ferguson, D.V.M., and were dated April 19, 2001. Dorsett brought these certificates to Ferguson's attention as possible forgeries on April 23, 2001.

Ferguson filed a complaint against the Stevenses on March 31, 2003, alleging that the Stevenses, who were in business together, forged his signature and asking for the following damages: the income he

would have derived from inspecting the horses, damages for the misuse of his identity, punitive damages, and all other proper relief. That day, a copy of the complaint and a summons were issued separately to each of the Stevenses by Certified Mail, Return Receipt Requested. Both summonses were returned to the clerk as "unclaimed." A separate Alias Summons was then issued to each of the Stevenses for personal service by the Brown County Sheriff's Department. The sheriff could not serve the alias summons because the Stevenses had moved. Thereafter, Ferguson filed an Affidavit of Non–Residence of Defendants. Ferguson published a Non–Resident Summons in the Brown County Democrat once a week for three consecutive weeks.

Ferguson filed a Motion for Default Judgment with an Affidavit in Support of Motion for Default Judgment. In the Affidavit, Ferguson alleged that Donald Stevens had publicly stated in a town meeting that Donald and Sandra were in business together. Ferguson also swore that he had not inspected or been paid to inspect the three horses in question, that he had not been in Nashville on the day the certificates were signed, that the address on the certificates was his previous, incorrect address, and that his signature on the certificates was forged. Appellant's App. p. 18–19. On February 11, the court entered a Default Judgment & Order Setting Hearing on Damages.

On June 1, 2004, the court held a hearing on damages and entered a Judgment Decree. The court found the following damages against the Stevenses: $1000 in compensatory damages; $20,000 in punitive damages; $107 in court costs, and $115 in publication costs. Ten days later the court entered an Amended Judgment Decree in order to correct some clerical errors and to amend the compensatory damages to $125.

Less than one year after the court entered its Judgment Decree, Sandra Stevens, now divorced from Donald, appeared by counsel to file a Motion for Relief of Judgment. The court held a hearing on the motion. During the hearing, Sandra testified that she has lived in California since early 2002 and had no notice of the claim against her. She did not leave a forwarding address because she did not want to receive Donald's mail. She swore she did not forge the signature and had no knowledge of the forgery until the spring of 2001. Appellant's App. p. 68–72. The court granted Sandra's motion to set aside the default "primarily . . . because this was a case with a substantial award of punitive damages" and noted that her amount of involvement with the forgery could make a significant difference in her case and the punitive damages award. *Id.* at 77. Ferguson now appeals.

### Discussion and Decision

 Ferguson contends that the lower court abused its discretion in setting aside the default judgment. A default judgment is disfavored, and any doubt of its propriety must be resolved in favor of the defaulted party. *Comer–Marquardt v. A–1 Glassworks, LLC,* 806 N.E.2d 883, 886 (Ind.Ct.App.2004). Indiana law strongly prefers disposition of cases on their merits. *Coslett v. Weddle Bros. Constr. Co.,* 798 N.E.2d 859, 861 (Ind.2003), *reh'g denied.* Generally, a trial court's decision to set aside default is entitled to deference and will be reviewed for an abuse of discretion. *Id.* Ferguson argues that Sandra lacks the necessary meritorious defense to set aside a default judgment. He also argues that the punitive damages are reasonable and cannot serve as a valid reason to set aside, instead of alter, the default judgment.

■ At the outset, we note that Sandra has failed to file an appellee's brief. In such a case, we need not undertake the burden of developing arguments for the appellee. *Painter v. Painter*, 773 N.E.2d 281, 282 (Ind.Ct.App.2002). Applying a less stringent standard of review, we may reverse the trial court if the appellant establishes prima facie error. *Id.* Prima facie is defined as at first sight, on first appearance, or on the face of it. *Id.*

In the Order Granting Motion for Relief from Judgment, the trial court made no specific findings of fact. As to issues on which the trial court has not made findings, we treat the judgment as a general one, and we examine the record, affirming if the judgment can be sustained upon any legal theory the evidence supports. *Harrison v. Thomas*, 761 N.E.2d 816, 819 (Ind. 2002), *trans. denied.* In the review, we neither weigh the evidence nor judge witness credibility. *Id.* Therefore, we must examine the record and affirm if the evidence supports any legal theory.

Indiana Trial Rule 60(B)(4) allows a trial court to set aside a default judgment within one year when a party was served only by publication and had no actual notice of the proceedings against him or her. Furthermore, Trial Rule 60(B) requires that a movant filing a motion under 60(B)(4) allege a meritorious claim or defense.

The meritorious defense requirement was added to Trial Rule 60 on January 1, 1999. This court has addressed the requirements for relief under Trial Rule 60(B)(4) once since the rule was amended in 1999. *See Breneman v. Slusher*, 768 N.E.2d 451, 462 (Ind.Ct.App.2002), *reh'g denied, trans. denied.* The court listed three requirements for relief: a showing that the default was entered; that the party was served only by publication; and that the party was without actual knowledge of the action and judgment, order, or

proceedings. *Id.* However, the court did not mention the meritorious defense requirement. Nonetheless, the text of the final paragraph of Trial Rule 60(B) establishes that a meritorious defense is required even when service is by publication and there is no actual notice.

■ In her Motion for Relief of Judgment, Sandra acknowledged that a default judgment was entered against her. At the hearing on Sandra's motion for relief of judgment, Sandra testified that she had no actual notice of the action against her. Sandra eventually found out about the action because of an irregularity on her credit report. Ferguson does not contest any of these showings.

■ As to the meritorious defense requirement, the defendant must make a prima facie showing to the trial court that she has a meritorious defense to the action. A prima facie showing of a meritorious defense is evidence that, if credited, demonstrates that a different result would be reached if the case were retried on the merits and that it is unjust to allow the default to stand. *See Smith v. Johnston*, 711 N.E.2d 1259, 1265 (Ind.1999). It is one that will prevail until contradicted and overcome by other evidence. *Smith*, 711 N.E.2d at 1265. Sandra has made such a showing through her testimony at the hearing on her motion for relief from the default.

Sandra testified that she did not commit or conspire to commit the forgery. She suspected that Donald, who was her husband at that time, forged the signatures on the certificates. This testimony, if credited, will prevail unless it is contradicted and overcome by evidence that proves that she had some individual responsibility for the forged signature. *Id.* Alternatively, if the court finds that Sandra's actual misconduct is not as serious as the court had

originally found, then the court could reach a different result with regard to the punitive damages, and it would be unjust to hold her liable for the full amount of the default judgment. *See Bright v. Kuehl,* 650 N.E.2d 311, 317 (Ind.Ct.App.1995) (noting that punitive damages are awarded upon a showing of intentional conduct which focuses on the defendant's state of mind), *reh'g denied.* At the hearing on Sandra's motion, the judge noted that her level of involvement could make a significant difference on the amount of punitive damages. In sum, Sandra has provided a prima facie showing of a meritorious defense to the trial court through her testimony.[1] We cannot say the trial court abused its discretion when setting aside the default judgment.

Affirmed.

DARDEN and RILEY, JJ., concur.

---

1. We note that Ferguson's brief includes two other issues. First, he argues that his summonses were reasonably calculated to inform. This argument is irrelevant because Trial Rule 60(B)(4) allows the court to set aside a default judgment even if the summons was reasonably calculated to inform. Second, Ferguson appears to contend that the trial court abused its discretion in setting aside the default judgment rather than amending the punitive damages award. However, we have already found that the trial court acted within its discretion in setting aside the default judgment.