Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**Thomas R. Hamilton**
Hunt Suedhoff Kalamaros, LLP
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HENRY COYNE WOODWARD, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1207-DR-00311 |
| | ) | |
| KIMBERLEE ANN NORTON, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Michael G. Gotsch, Special Judge
Cause No. 71D07-0405-DR-00267

**December 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Henry C. Woodward ("Woodward") appeals the St. Joseph Superior Court's order holding him in contempt for failing to pay a judgment owed to his former wife, Kimberlee A. Norton ("Norton"). The judgment was entered against Woodward after he failed to transfer a retirement account to Norton pursuant to the terms of the parties' dissolution decree. Woodward argues that the trial court erred as a matter of law when it held him in contempt of court for failing to pay a money judgment.

We affirm in part, reverse in part and remand for proceedings consistent with this opinion.

**Facts and Procedural History**

In 2004, Norton filed a petition to dissolve the parties' marriage. After several hearings, a dissolution decree was entered in 2007. In its division of the marital assets, the trial court awarded Norton an SEP/IRA account with Edward D. Jones that was held in Woodward's name. On June 26, 2008, Norton filed a Rule to Show Cause alleging that Woodward had not complied with the trial court's order to transfer the account and that he had removed the funds from the account and failed to transfer them to her.

After a hearing was held on Norton's Rule to Show Cause, the trial court found that on or about November 1, 2007, Woodward removed and disposed of the funds in the SEP/IRA account. However, the trial court did not issue an order on the Rule to Show Cause, several additional hearings were held, and the matter continued to pend before the

2

trial court until April 1, 2010.[1]

On that date, the trial court issued an order concluding that Woodward "knowingly and willfully disobeyed the orders of the court" concerning the transfer of the Edward Jones SEP/IRA funds to Norton "as part of the division of the martial estate." Appellant's App. p. 53. The court entered judgment in favor of Norton in the amount of $33,127 "representing the balance of the funds due by Husband to Wife from the funds that had been in the Edward Jones SEP account and which were removed and spent by Husband." Id. The trial court's order also provided that:

> The court shall impose no further sanction upon [Woodward], for his acts of contempt since . . . the court has now entered a money judgment in favor of Wife and against former Husband in the amount of the Edward Jones SEP account funds that were not transferred by Husband to Wife as required by the terms of the Decree of Dissolution.

Id. at 54.

Woodward appealed the trial court's April 1, 2010 order, and our court affirmed. Woodward v. Norton, 939 N.E.2d 657 (Ind. Ct. App. 2010). After Woodward wholly failed to pay this judgment, Norton filed a "Rule to Show Cause Verified Motion in Proceedings Supplementary." On May 21, 2012, Special Judge Michael Gotsch issued a Rule to Show Cause instructing Woodward to appear and show why he should not be held in contempt for failing to pay the judgment owed to Norton.

---

[1] The trial court's delay in ruling on Norton's Rule to Show Cause was caused in part by Woodward's challenge to Judge Michael Scopelitis's and Special Judge Gotsch's jurisdiction over matters pending before the respective judges. The parties were also embroiled in disputes over child support, the children's private school tuition, and costs for extracurricular activities.

At the show cause hearing, Woodward moved to have the Rule to Show Cause discharged because the matter of his contempt for failing to transfer the SEP/IRA account to Norton was disposed of by the trial court's April 1, 2010 order. The trial court denied the motion. On June 7, 2012, the court issued the following order:

> Court finds that Husband continues to be in contempt of court under the prior order issued by the Hon. Michael P. Scopelitis when he had jurisdiction over this matter as well as the prior order of this Court after it had assumed jurisdiction. While the Court finds that Husband continues to be in contempt of court, the Court withholds sentencing at this time based on the Husband's anticipated compliance with the following payment arrangement:
> (1) Husband shall make periodic payments in the sum of $300 per month;
> (2) Each payment is due on the 16th of the month;
> (3) First payment shall be payable on July 16, 2012, and each month thereafter until the amount is satisfied; and
> (4) Payment shall be made to the Clerk of the Court, and shall be forward to the Wife as she directs.

Appellant's App. p. 43. Woodward now appeals.

### Discussion and Decision

First, we observe that Norton has failed to file an appellee's brief. We will not undertake the burden of developing arguments for the appellee. Painter v. Painter, 773 N.E.2d 281, 282 (Ind. Ct. App. 2002). Applying a less stringent standard of review, we may reverse the trial court if the appellant establishes prima facie error. Id. Prima facie error is defined as at first sight, on first appearance, or on the face of it. Id.

Indiana Code § 31-15-7-10(1) provides, "Notwithstanding any other law, all orders and awards contained in a dissolution of marriage decree or legal separation decree may be enforced by . . . contempt." Consistent with this statute, in the trial court's April 1, 2010 order, Woodward was held in contempt for failing to transfer the funds in

4

the SEP/IRA account to Norton. But in that order, the trial court entered a money judgment in Norton's favor due to Woodward's failure to transfer those funds. Woodward's continued failure to satisfy that judgment led to the trial court's most recent order holding him in contempt of court.

Woodward argues that the trial court erred when it held him in contempt of court because contempt powers are generally unavailable to enforce a money judgment.[2] We agree that judgments requiring one party to pay the other party a fixed amount of money are not enforceable by contempt. See Mitchell v. Mitchell, 871 N.E.2d 390, 395 (Ind. Ct. App. 2007). Because the Indiana Constitution Article 1, Section 22 forbids imprisonment for a debt, if a final money judgment -one requiring a person to pay a fixed sum of money to the other party -is entered, contempt is not an available remedy for noncompliance. Id. See also Cowart v. White, 711 N.E.2d 523, 531 (Ind. 1999); Coleman v. Coleman, 539 N.E.2d 34, 34 (Ind. Ct. App. 1989) ("Because the Indiana Constitution Article 1, Section 22 forbids imprisonment for debt, it has been held that contempt may not be used to enforce a dissolution decree ordering one party to pay the other a fixed sum of money, either in a lump sum or installments. These cases rest on the theory that such a money

---

[2] However, "[c]ontempt is always available to assist in the enforcement of child support, at least in respect of unemancipated children, including orders to pay accrued arrearages and money judgments against delinquent parents for past due amounts." Pettit v. Pettit, 626 N.E.2d 444, 447 (Ind. 1993). There is no evidence in the record that would lead us to conclude that the money judgment Woodward was ordered to pay included any amount for child support, but that the money judgment was entered to enforce the trial court's division of the marital assets. See Appellant's App. p. 54; Tr. p. 218 (Norton testified that had Woodward transferred the SEP/IRA account funds to her as required by the dissolution decree, she had intended to roll those funds "into her account with no [tax] penalty."). And on June 7, 2012, the date the trial court issued the appealed order, Woodward was nearly current in his child support obligation. Appellant's App. p. 67.

5

judgment, like any other judgment debt, may be enforced by execution.") (citation omitted). In this instance, Indiana Trial Rule 69 and applicable statute provide several effective remedies for nonpayment of a money judgment.[3]

In its April 1, 2010 order, the trial court entered a money judgment in favor of Norton for Woodward's failure to transfer the funds in the SEP/IRA account to her. Contempt powers to enforce payment of that civil judgment are no longer available to Norton. Although we reverse the trial court's June 7, 2012 order to the extent that the court found Woodward in contempt, we affirm the court's order in all other respects.

Affiirmed in part, reversed in part and remanded for proceedings with this opinion. VAIDIK, J., and BARNES, J., concur.

---

[3] Execution, proceedings supplemental to execution, attachment and garnishment are remedies that when used with patience and ingenuity, either individually or in combination, have proved over the course of Indiana's history to be effective to make civil creditors whole, in tandem with statutory interest rates, currently imposed at the annual rate of 8%. See Ind. Code § 24-4.6-1-101.