## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 30 2015, 9:59 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Andrea L. Ciobanu
Alex Beeman
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Bradley Banks
Banks & Brower
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

S.B.,

*Appellant-Petitioner,*

v.

C.B.,

*Appellee-Respondent.*

March 30, 2015

Court of Appeals Case No.
24A01-1405-DR-00210

Appeal from the Franklin Circuit Court

The Honorable J. Steven Cox, Judge

Cause Nos. 24C01-0511-DR-000419;
24C01-1003-JP-00039

**Mathias, Judge.**

[1]     S.B. ("Mother") appeals from the trial court's order granting C.B. ("Father") custody of their minor children. She presents three issues for our review, which we revise and restate as:

(1) whether the trial court abused its discretion in modifying custody of Mother and Father's two oldest children;

(2) whether the trial court abused its discretion in granting Father physical custody of their two youngest children; and

(3) whether the trial court erred in ordering Mother to pay $315 per week in child support retroactive to the date of Father's petition.

[2] We affirm.

## Facts and Procedural History

[3] Mother and Father married in 1997. During the marriage, the couple had two daughters, born in 1997 and 2001. The marriage was dissolved in 2006, and Mother was awarded primary physical custody of the two children, with Father to have parenting time. Shortly after their divorce, Mother and Father reconciled and began to live together again. They had two more children in 2008 and 2010.

[4] On October 5, 2013, Mother and Father had an argument regarding text messages Mother had been exchanging with a male friend. Mother left the house and went to stay with her sister for two days. After leaving her sister's home, she stayed at the home of her male friend for a few more days.[1] Mother was fired from her nursing job soon thereafter.

[5] The day after Mother and Father's argument, the parties agreed that Father, who was struggling financially, would move to Tennessee with the children to

---

[1] While she was staying there, the inside of home of Mother's friend was set on fire. Father was investigated for the arson, but at the time of the hearings, no charges had been brought against Father.

be close to Father's relatives. Father and the children moved in with Father's mother, and the children began attending public school in Tennessee.[2] Mother moved by herself into a house in Shelbyville, Indiana. Mother did not see the children until the end of January 2014 but spoke with them via telephone.[3]

[6] On October 31, 2013, about three weeks after Father moved to Tennessee with the children, he filed a petition to modify custody and abate child support. On January 28, 2014, the trial court held a hearing on Father's petition. At the hearing, Mother and Father filed with the court an interim agreement which provided that that the children would live with Father in Tennessee and Mother would see the youngest two children on alternating weekends and the oldest two children from February 15 to February 17, 2014. The trial court heard additional evidence on March 13, 2014. On April 11, 2014, the trial court issued an order granting Father primary physical custody of the children and awarding Mother parenting time. The trial court did not address Father's request to abate child support in its April 11 order.

[7] On May 1, 2014, Father filed a request for retroactive child support, alleging that both Mother and Father were now gainfully employed, that Mother and Father were earning $733 and $450 per week respectively, and that Father had been providing for the children without any financial assistance from Mother since October 31, 2013. Father also reported that he was paying $140 per week

---

[2] The two youngest children lived in Alabama with Father's sister for a short time.

[3] The record is unclear as to how frequently S.B. spoke with the children on the telephone.

in work-related childcare expenses and $43 per week in health insurance premiums for the children. The trial court held a hearing on Father's request on June 10, 2014. On September 5, 2014, the trial court ordered Mother to pay $315 per week in child support retroactive to the date of Father's October 31, 2013 petition.

[8] Mother now appeals.

## I. Modification of Custody

[9] Mother first argues that the trial court abused its discretion in granting Father's petition to modify custody of the two oldest children.

[10] Because we give latitude and deference to the trial court's decision in family law matters, we review a trial court's decision regarding a request to modify custody and child support for an abuse of discretion. *Kirk v. Kirk,* 770 N.E.2d 304, 307 (Ind. 2002). We "will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment." *Id*. Furthermore, we will not "reweigh the evidence or judge the credibility of the witnesses" and we will consider only the evidence most favorable to judgment and the reasonable inference to be drawn therefrom. *Green v. Green,* 843 N.E.2d 23, 26 (Ind. Ct. App. 2006).

[11] Indiana Code section 31-17-2-21 provides that a "court may not modify a child custody order unless: (1) the modification is in the best interests of the child; and (2) there is a substantial change in one (1) or more of the factors that the

court may consider under [Indiana Code section 31-17-2-8]." Those factors include:

(1) The age and sex of the child.

(2) The wishes of the child's parent or parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

(A) the child's parent or parents;

(B) the child's sibling; and

(C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

(A) home;

(B) school; and

(C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian[.]

Ind. Code § 31-17-2-8.

[12] A trial court does not have to specifically identify which of the factors has substantially changed, but "we have interpreted I.C. § 31-17-2-21 to require that a modification must be accompanied by a finding that there has been a substantial change in one or more of the statutory factors listed in I.C. § 31-17-2-8." *Nienaber v. Nienaber,* 787 N.E.2d 450, 455-56 (Ind. Ct. App. 2003).

Here, the evidence most favorable to the judgment reveals that Mother and Father lived together for approximately six years after their marriage was dissolved. During this time, they had two additional children. In October 2013, they separated again and Mother lost her job and was unable to provide for the children. Mother and Father agreed that Father would move to Tennessee with the children. Father had the support of his extended family in Tennessee and the two oldest children were attending public school there, where, before, they had been homeschooled. The trial court also considered the wishes of the two oldest children, who were sixteen and twelve years old at the time of the hearing.

Accordingly, the trial court had ample evidence from which to conclude a substantial change in circumstances had occurred since the initial custody determination and that a change in custody was in the best interests of the children. While we acknowledge that Mother presented evidence to the contrary, Mother's argument amounts to a request that we reweigh the evidence and assess the credibility of the witnesses, which we will not do. *See D.C. v. J.A.C.*, 977 N.E.2d 951, 956-57 (Ind. 2012) (appellate courts "are in a poor position to look at a cold transcript of the record, and conclude that the trial judge, who saw the witnesses, observed their demeanor, and scrutinized their testimony as it came from the witness stand, did not properly understand the significance of the evidence" (quoting *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002).) We therefore find no abuse of discretion in the court's grant of Father's petition to modify custody.

## II. Initial Custody Determination

Mother also argues that the trial court abused its discretion in granting Father custody of the two youngest children who were born after Mother and Father's divorce and the initial custody determination for their two oldest children.

We review custody determinations for an abuse of discretion, with a preference for granting latitude and deference to our trial courts in family law matters. *Webb v. Webb,* 868 N.E.2d 592 (Ind. Ct. App. 2007). We will not reverse unless the trial court's decision is against the logic and effect of the facts and circumstances before it or the reasonable inferences drawn therefrom. *Id.*

In making a custody determination, the trial court "shall consider the factors listed under section 8 of this chapter." Ind. Code § 31-17-2-21(b). As noted above, those factors include the child's age and sex; the wishes of the parent(s); the child's wishes; the relationship the child has with his or her parent(s), sibling(s), and others; the child's adjustment to home, school, and community; the mental and physical health of all involved; any evidence of domestic or family violence; and any evidence that the child has been cared for by a de facto custodian. Ind. Code § 31-17-2-8(1)-(8)).

Mother argues that the trial court erred in finding that granting Father physical custody was in the children's best interests because "Father . . . has no ability to care for the children without significant reliance on others" and because Mother "has been the bread winner and maintained steady employment" throughout the children's lives. Appellant's Br. at 23.

As with her argument regarding custody modification for the two older children, Mother asks us to reweigh the evidence, which we will not do. *Spencer v. Spencer,* 684 N.E.2d 500, 501 (Ind. Ct. App. 1997). The trial court heard evidence that Father and the children have the support of Father's relatives in Tennessee, that Father was working and providing for the children, and that the children were settled in their schools. Under these facts and circumstances, the trial court did not abuse its discretion by awarding Father primary physical custody of the two younger children.

## III. Retroactive Child Support

Mother next argues that the trial court abused its discretion in ordering her to pay $315 per week in child support retroactive to October 31, 2013. Specifically, she argues no evidence in the record supports the weekly gross income the trial court imputed to Mother, that there was "no evidence that Father paid any work-related child care expenses," and no evidence existed supporting the trial court's conclusion that Father should receive credit for providing the children with health insurance. Appellant's Br. at 24.

Decisions regarding child support rest within the sound discretion of the trial court. *Beehler v. Beehler,* 693 N.E.2d 638, 640 (Ind. Ct. App. 1998). We will reverse only for an abuse of discretion or if the trial court's determination is contrary to law. *Id.* A trial court has the discretionary power to make a modification for child support relate back to the date the petition to modify is filed, or any date thereafter. *Id.* at 641; *Smith v. Mobley,* 561 N.E.2d 504, 508 (Ind. Ct. App. 1990), *trans. denied.*

According to the evidence most favorable to the trial court's, Mother had not contributed any financial support for the children since October 31, 2013, Father was earning $450 per week, Mother was earning $733 per week, Father was paying $140 per week in work-related childcare expenses, and Father was paying $43 per week in health insurance premiums for the children. In light of this evidence, and because the law is clear that a trial court may order support retroactively to any date from the filing of the petition to modify support, we conclude that the trial court did not abuse its discretion in ordering Mother to pay $315 in child support, retroactive to October 31, 2014.

## Conclusion

For all of these reasons, the trial court did not abuse its discretion in granting Father custody of all four children and in ordering Mother to pay retroactive child support in the amount of $315 per week.

Affirmed.

May, J., and Robb, J., concur.