## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 09 2017, 6:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nancy A. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher A. Toth, <br> *Appellant-Defendant,* <br><br> v. <br><br> Julia Lynne Noblitt, <br> *Appellee-Plaintiff.* | August 9, 2017 <br><br> Court of Appeals Case No. 20A03-1701-DR-48 <br><br> Appeal from the Elkhart Superior Court <br><br> The Honorable David C. Bonfiglio, Judge <br><br> Trial Court Cause No. 20D06-0508-DR-629 |

**Mathias, Judge.**

[1] Christopher A. Toth ("Father") appeals the Elkhart Superior Court's order awarding appellate attorney fees to Julia Lynne Noblitt ("Mother"). Father claims the trial court abused its discretion by failing to hold a hearing and

consider the economic resources of the parties when it awarded the fees to Mother.

[2] We affirm.

## Facts and Procedural History

[3] The parties' marriage was dissolved in 1998. They have two children, K.T., born on November 13, 1993, and A.T., born on June 25, 1998. The parties initially shared joint legal custody of the children, but the parties' relationship deteriorated to the point where joint legal custody was terminated. Mother was granted primary custody of the children.

[4] In 2006, K.T. was struck by lightning while boating with Father. As a result, she could not walk by herself, talk coherently, prepare her own meals, dress herself, use the bathroom by herself, or be left alone. Mother quit her job so that she could be K.T.'s full-time caregiver. In 2008, the trial court found that Mother's loving care of K.T. could not be duplicated by a paid in-home care provider.

[5] In 2013, Mother filed a motion to determine arrears with respect to medical expenses, educational expenses, and child support. She filed a supplement to her motion in 2015. In March 2016, Father filed a motion to modify child support because A.T. was eighteen years old. In April 2016, Mother filed a petition for A.T.'s college expenses.

[6]     An evidentiary hearing was held, and the trial court addressed the parties' motions in an order dated May 6, 2016. Father was ordered to pay over $17,000 for unreimbursed medical expenses from the years 2006 through 2015, approximately $6,000 for education expenses from the years 2008 through 2015, nearly $2,000 for a repair to A.T.'s car, and Mother's attorney fees in the amount of $16,250. Father appealed the trial court's May 6, 2016 order.

[7]     On June 17, 2016, another panel of our court handed down a memorandum decision affirming the trial court's May 6, 2016 order in part and reversing the judgment in part. Specifically, the panel affirmed the trial court's order with respect to medical expenses and attorney fees. However, the panel reversed the award of education expenses after concluding that an unknown amount of the expenses were related to A.T.'s college education. Therefore, that panel of this court remanded the case for a determination of college expenses and whether Father should pay for a portion of those expenses. *See Toth v. Noblitt*, 2017 WL 2569788, No. 20A03-1609-DR-2240 at *13 (Ind. Ct. App. June 14, 2017).

[8]     While that appeal was pending, on December 6, 2016, the trial court held a hearing on Mother's motion requesting an award of appellate attorney fees so that she could hire counsel to represent her in that appeal. Mother appeared in person and by counsel, and Father appeared by phone and by counsel. On December 9, 2016, the trial court issued an order awarding appellate attorney fees to Mother. Specifically, the court ordered Father to pay reasonable attorney fees to Mother's appellate counsel, which it estimated were $4,000 to $4,500 for 15 to 20 hours of work. The court clarified that "the parties may request further

hearing on the reasonableness of the specific fees upon Appellate Counsel for [M]other being employed if there is a dispute that the fees requested are not reasonable." *Id*. Father now appeals the December 9, 2016 order awarding appellate attorney fees to Mother.

## Standard of Review

Mother hired counsel to represent her in Father's appeal of the May 6, 2016 order for which she sought appellate attorney fees. However, Mother did not file an appellee's brief in this case. Therefore, we apply a less stringent standard of review. We do not undertake the burden of developing arguments for the appellee. *Painter v. Painter*, 773 N.E.2d 281, 282 (Ind. Ct. App. 2002). We may reverse the trial court if the appellant establishes prima facie error. *Id*. Prima facie is defined as at first sight, on first appearance, or on the face of it. *Id*.

## Discussion and Decision

Under Indiana Code section 31-16-11-1, a dissolution court has broad discretion to impose attorney's fees on either party to a child support proceeding. *Thompson v. Thompson*, 868 N.E.2d 862, 870 (Ind. Ct. App. 2007). An attorney fee award will be reversed only if it is clearly against the logic and effect of the facts and circumstances before the court. *Brown v. Brown*, 776 N.E.2d 394, 397 (Ind. Ct. App. 2002), *trans. denied*.

To determine whether to award attorney fees, "a trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and such other

factors as bear on the reasonableness of the award." *Allen v. Proksch*, 832 N.E.2d 1080, 1102 (Ind. Ct. App. 2005) (citations and internal quotation marks omitted). The court may also take into account any misconduct by one party that causes the other party to directly incur additional fees. *Id*. In *Allen*, this court held that the trial court abused its discretion by failing to hold an evidentiary hearing to consider the relative economic circumstances of the parties to the custody dispute or to enter findings indicating that it had considered such circumstances. *Id*. at 1103. *See also Bertholet v. Bertholet*, 725 N.E.2d 487, 501 (Ind. Ct. App. 2000) (holding that trial court abused its discretion in failing to hold evidentiary hearing to assess both parties' respective economic circumstances and ability to pay own attorney's fees).

[12] Father claims that the trial court failed to hold an evidentiary hearing. However, the court held a hearing and heard argument concerning Mother's motion. Neither party presented any evidence, but nothing in the record would lead us to conclude that they were prevented from doing so. Mother argued that she did not have funds to hire counsel to represent her in the appeal. Father argued that either Mother should have to pay her own fees or that the motion was premature because Mother's appellate fees could not be determined until after briefing was completed.

[13] The trial court is well acquainted with the parties, including their resources, economic condition, and ability to maintain gainful employment. The parties have litigated child support, medical expenses, education expenses, and arrearages for several years. Mother has filed numerous motions attempting to

compel Father to reimburse her for medical expenses and educational expenses she paid for their children. In an order dated May 6, 2016, the trial court found that Father undervalues "the care Mother continues to give to their disabled child," does not want "to pay his fair share of the costs of her overall condition," and attempts "to minimize his financial exposure for their" youngest child.[1] *See Toth v. Noblitt*, 2017 WL 2569788, No. 20A03-1609-DR-2240 at *3 (Ind. Ct. App. June 14, 2017).

[14] Importantly, Mother is not employed because K.T. requires constant care. It is unlikely that Mother's economic circumstances changed in the months between the hearing on the underlying matter and the date Mother filed her motion requesting appellate attorney fees.[2] Also, the trial court specifically found that Mother's financial situation had not changed since the court issued the May 6, 2016 order that Father has appealed. Appellant's App. p. 40.

[15] For all of these reasons, we conclude that the trial court did not abuse its discretion when it awarded appellate attorney fees to Mother.

---

[1] In the May 6, 2016 order, the trial court observed that Father had not paid any principal or interest on a June 8, 2009 judgment for $5,851 in unpaid child support, and the court entered judgment against Father for $17,526.89 for unreimbursed medical expenses for the years 2006 through 2015 and $6689.16 for educational expenses from the years 2008 through 2015. *See Toth*, No. 20A03-1609-DR-2240 at *4. Father filed a motion to correct error and as a result, the trial court reduced the judgment for educational expenses by $561.25. *Id.* at *8.

[2] At the hearing on Mother's motion for appellate attorney fees, Father's counsel stated that Father was making "about $79,000 to $80,000" per year. Father did not present any evidence to support his claim. In its May 2016 order, the trial court found that Father's income was approximately $104,000 per year. *See id.* at *4.

Affirmed.

Kirsch, J., and Altice, J., concur.