v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9804–JV–228

Court of Appeals of Indiana.

March 18, 1999.

Patricia Caress McMath, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

FRIEDLANDER, Judge.

W.L. was adjudicated a delinquent upon admitting that he committed an act that would constitute the crime of Theft,[1] a class

---

1. Ind.Code Ann. § 35–43–4–2 (West 1998).

D felony, if committed by an adult. Upon appeal, W.L. presents the following restated issue for review:

Did the juvenile court err in granting the State's Motion to Reopen for Restitution?

We reverse.

The facts are that the Marion County Prosecutor's Office filed an information alleging that W.L. stole a tent and a wading pool from a neighbor's yard, acts that would have constituted the crime of theft if committed by an adult. W.L. admitted the charges and was adjudicated a delinquent child. As a result, on January 8, 1998, the court ordered that W.L. be placed on suspended commitment, ordered family counseling, entered a parental participation order, and ordered that W.L. do extra chores in his home. On January 22, 1998, the State filed a Motion to Reopen for Restitution containing, in pertinent part, the following:

1. This matter was originally set on January 8, 1998, at 9:00 in Court 1, for Disposition.

2. Deputy Prosecutor Rob Seet did not have the file available to refer to in court on January 8 when the Court closed this case so that Respondent could proceed to Disposition under 97JD4773.

3. When the prosecutor's file was found, it was discovered that the victim had an outstanding claim for restitution in the amount of $250.00[.]

4. The State respectfully requests that the Court reopen this cause so that a claim may be presented on the victim's behalf.

*Record* at 31. The court granted the motion and conducted a restitution hearing on April 7, 1998. When the restitution hearing commenced, W.L.'s counsel objected to the proceedings. The court overruled the objection and proceeded with the hearing. This appeal ensued.

Appellant argues upon appeal that the trial court was divested of jurisdiction over W.L. after entering the dispositional decree, citing *Wilson v. State,* 688 N.E.2d 1293 (Ind.Ct.App.1997). In *Wilson,* this court reversed an order imposing restitution that was entered after sentence had been entered, stating:

The trial court's sentencing order did not purport to retain any continuing jurisdiction over Wilson. Further, as we find no statutory provision which would give the trial court jurisdiction to enhance Wilson's sentence by entering a restitution order after a sentence has already been pronounced, we hold that the trial court lacked authority to enter such an order.

*Id.* at 1295. The facts in *Wilson* differ from those in the instant case in one important respect: *Wilson* did not involve a juvenile proceeding. This fact alone makes *Wilson*'s holding inapposite because in a juvenile proceeding, the court *may* retain jurisdiction following sentencing without explicitly so stating. Such is not true in criminal cases where the defendant is not under the jurisdiction of a juvenile court.

A juvenile court retains jurisdiction under Ind.Code Ann. § 31–30–2–1 (West 1998) until "(1) the child becomes twenty-one (21) years of age, unless the court discharges the child and the child's parent, guardian, or custodian at an earlier time; or (2) guardianship of the child is awarded to the department of correction." In the instant case, the juvenile court discharged W.L. and his parents in the dispositional decree. Therefore, the court did not retain jurisdiction of W.L. after entry of the decree. The next question is whether the juvenile court's reassumption of jurisdiction over W.L.'s case was valid.

IC § 31–30–2–3 provides that a court may, for the purpose of modifying the dispositional decree, reinstate jurisdiction over a child within thirty days after receiving notification from the department of correction that a child over whom the department has guardianship has been released from its custody. Inasmuch as the department of correction was never appointed as W.L.'s guardian, the juvenile court could not reacquire jurisdiction through IC § 31–30–2–3.

IC § 31–30–2–4 states:

The department of correction may petition the court to reinstate the court's jurisdiction over the child and the child's parent, guardian, or custodian to modify the court's decree under IC 31–34–23 or IC 31–37–22 (or IC 31–6–7–16 before its re-

peal) or order the child's parent, guardian, or custodian to participate in programs operated by or through the department of correction.

In the instant case, there was no petition to reinstate the juvenile court's jurisdiction. Rather, the prosecutor filed a petition to reopen for the purpose of seeking restitution. We do not elevate form over substance when we observe that there is a distinction between a petition to reinstate jurisdiction and a petition to reopen a case for a specific purpose. The latter cannot even be considered until the former has been filed and granted. The State points to no other statutes which govern the reacquisition of jurisdiction over a juvenile by a juvenile court after the court has divested itself of jurisdiction.

In summary, a juvenile court that retains jurisdiction over a juvenile may modify a dispositional decree so long as it retains such jurisdiction. *See* IC § 31–37–22–1(2)(E). In the instant case, however, the court discharged W.L. upon entry of the dispositional decree and thus did not retain jurisdiction. After being divested of jurisdiction, the court could reacquire jurisdiction only through the means set forth in IC § 31–30–2–3 or IC § 31–30–2–4. Our examination of the record reveals that the juvenile court did not reassume jurisdiction over W.L. through either of those means or in any other manner authorized by statute. As a result, the court was without jurisdiction to rule upon the Motion to Reopen for Restitution. Therefore, the court erred in granting the Motion.

Judgment reversed.

KIRSCH and MATTINGLY, JJ., concur.

