**In the Matter of A.T.**

**Lake County Department of Child Services, Appellant–Respondent,**

v.

**A.T., a Minor, Appellee–Petitioner,**

and

**Lake County Casa, Appellee.**

No. 45A03–0712–JV–610.

Court of Appeals of Indiana.

June 30, 2008.

---

Benjamin C. Kim, Lake County Department of Child Services, Gary, IN, Attorney for Appellant.

Shana D. Levinson, Levinson & Levinson, Merrillville, IN, Attorney for Appellee A.T.

Elizabeth G. Tegarden, Crown Point, IN, Attorney for Appellee Lake County Casa.

## OPINION

CRONE, Judge.

### Case Summary

Lake County Department of Child Services ("DCS") appeals the juvenile court's denial of its motion to correct error regarding a judgment reinstating A.T. as a ward of DCS. We reverse.

### Issue

We restate the issue as whether the juvenile court lacked jurisdiction to grant A.T.'s motion to reinstate her wardship.

### Facts and Procedural History

A.T. was born on January 9, 1988. On October 27, 2003, following A.T.'s arrest for battery against her mother, the juvenile court found probable cause to believe she was a child in need of services ("CHINS"). On February 20, 2004, she was designated a CHINS and made a ward of DCS. The juvenile court assigned her a court appointed special advocate ("CASA") and placed her with an aunt and uncle. On November 8, 2004, A.T. ran away from her aunt and uncle's home. Police located her and brought her before the court for a detention hearing on December 7, 2004. She was placed at the Alternative House and subsequently lived in two foster homes. She attended day and night school to finish her high school education.

In 2006, A.T. applied and was accepted to both the Indianapolis and the Chicago Art Institutes. At a permanency plan review hearing held on July 10, 2006, A.T.'s case manager and independent living manager indicated that funding was insufficient for her to attend the Chicago Art Institute. She therefore planned to attend

the Indianapolis Art Institute in the fall of 2006.

On August 18, 2006, DCS filed a motion to dismiss A.T.'s wardship. In its motion, DCS reported that educational funding had been accessed, that housing had been arranged, and that A.T. had secured work-study employment. On August 22, 2006, the juvenile court granted DCS's motion, and A.T. was dismissed as a ward of DCS.

On August 16, 2007, the juvenile court received a letter from nineteen-year-old A.T., which provided in pertinent part:

> .... I know that my wardship had been dismissed, but I was wondering if you could reopen my case. I ask for this because of several of reasons. When I went down to Indianapolis to The Art Institute of Indianapolis, it had been nothing but a big struggle. The only people that help me and remain till this day to help me is Bill Wittenberg and the ETV. That is because I maintained good grades and enjoyed college. My case worker for Independent living, Melvin Swope, never kept in contact. I kept the same number so he could. I didn't have money for food, transportation, and I had to take out a loan that I didn't have to take out just to attend school. Then that's when I finally got in contact with Bill from ETV and he told me what to do in order to qualify (something, which Melvin Swope, was suppose to help me with). In early December, I had to leave and come back up north. I had a little boy in March that is now four months. I transferred to Kaplan College in Merrillville and now still attending classes there. I'm doing very well in school and plan on graduating next year on receiving my degree. I'm now staying from house to house. The reason I've asked to reopen my case is so that you could change my independent living case to the hands of The Villages. There's a lady I've spoke to that is willing to help me with my living status but she can't do anything if I'm still receiving ETV funds why can't Independent Living help me? ? Please, I've asked that you'll help me.

Appellant's App. at 88. The juvenile court treated A.T.'s letter as a pro se motion to set aside the judgment dismissing her wardship. Following a hearing on September 17, 2007, the juvenile court granted A.T.'s motion and reinstated her wardship. The court adopted a permanency plan, set a review hearing for January 4, 2008, and ordered that DCS provide A.T. with transitional living services.

On October 3, 2007, DCS filed a motion to correct error, and on October 19, 2007, it filed a motion to stay the execution of judgment. On October 22, 2007, CASA filed a petition for rule to show cause, asserting that DCS had refused to provide A.T. with court-ordered services. On October 23, 2007, the juvenile court denied DCS's motion to stay and ordered DCS to "immediately implement the terms of the 9/17/2007 Order." *Id.* at 5. On November 26, 2007, the juvenile court denied DCS's motion to correct error. This appeal ensued. Additional facts will be provided as necessary.

### Discussion and Decision

DCS challenges the juvenile court's denial of its motion to correct error. We review a trial court's grant or denial of a motion to correct error only for an abuse of discretion. *In re G.R.*, 863 N.E.2d 323, 325 (Ind.Ct.App.2007). "An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Id.*

DCS essentially contends that the juvenile court lacked the authority to reinstate

A.T.'s wardship.[1] Indiana Code Section Code 31–30–1–1(2) grants exclusive original jurisdiction to the juvenile court in proceedings in which a child is alleged to be a CHINS. *Mafnas v. Owen County Office of Family & Children*, 699 N.E.2d 1210, 1212 (Ind.Ct.App.1998), *trans. denied.* Indiana Code Section 31–9–2–13(d) defines "child" to include:

(1) a person who is less than eighteen (18) years of age;

(2) a person:

(A) who is eighteen (18), nineteen (19), or twenty (20) years of age; and

(B) who either:

(i) is charged with a delinquent act committed before the person's eighteenth birthday; or

(ii) has been adjudicated a child in need of services before the person's eighteenth birthday[.]

Here, the juvenile court designated A.T. a CHINS in February 2004, when she was sixteen years old. Therefore, A.T. could have remained a "child" for purposes of juvenile court jurisdiction until age twenty-one.

However, the juvenile court dismissed A.T.'s wardship in August 2006, when she was eighteen years old. This Court has treated a motion to dismiss wardship as a motion to discharge CHINS status. *Lake County Div. of Fam. & Children Servs. v. Charlton*, 631 N.E.2d 526, 527–28 (Ind.Ct.App.1994). Indiana Code Section 31–34–21–11 provides: "When the juvenile court finds that the objectives of the disposition-

al decree have been met, the court shall discharge the child and the child's parent, guardian, or custodian."

May a juvenile court discharge an eighteen-year-old CHINS and reinstate jurisdiction over that child before she reaches age twenty-one? According to Indiana Code Section 31–30–2–1(a), it may not:

Except as provided in subsections (b) and (c),[2] the juvenile court's jurisdiction over a delinquent child or a child in need of services and over the child's parent, guardian, or custodian continues until:

(1) the child becomes twenty-one (21) years of age, *unless the court discharges the child* and the child's parent, guardian, or custodian *at an earlier time* [.]

(Emphases added.) *See also W.L. v. State*, 707 N.E.2d 812, 814 (Ind.Ct.App.1999) (holding juvenile court that discharged delinquent child divested itself of jurisdiction and was without jurisdiction to rule upon motion to re-open for restitution). Here, the juvenile court relinquished its jurisdiction over eighteen-year-old A.T. when it discharged her in August 2006.[3] The methods by which a juvenile court may properly reinstate its jurisdiction are found in Indiana Code Sections 31–30–2–3 (sua sponte reinstatement within thirty days upon notification from the Department of Correction regarding the child's release) and 31–30–2–4 (on petition of the Department of Correction). Neither section is applicable in this case.

Therefore, in August 2007, the juvenile court lacked jurisdiction to reinstate nine-

---

1. Although DCS frames its arguments in terms of a motion for relief from judgment pursuant to Indiana Trial Rule 60(B), we believe that the proper context of this issue is jurisdictional.

2. Subsection (b) references circumstances when guardianship is awarded to the Department of Correction, and subsection (c) refer-

ences guardianship over the estate of a child. Neither of these is at issue in this case.

3. The record indicates that CASA did not object to the discharge. *See* Appellant's App. at 85 ("SUMMARY AND RECOMMENDATION: CASA is not opposed to dismissal of wardship.").

teen-year-old A.T. as a ward of DCS.[4] Accordingly, we reverse.

Reversed.

BARNES, J., and BRADFORD, J., concur.

**4.** Because A.T. was nineteen at the time she requested reinstatement, a new CHINS proceeding would have been unavailable to her. *See* Ind.Code § 31–34–1–1 *et seq.* ("A child is a child in need of services if *before* the child becomes eighteen (18) years of age ...") (emphasis added).