917 N.E.2d 725 (2009)
D.W., Appellant-Petitioner,
v.
L.W., Appellee-Respondent.
No. 20A04-0907-CV-375.
Court of Appeals of Indiana.
December 11, 2009.
Leonard J. Gullotta, II, Elkhart, IN, Attorney for Appellant.

OPINION
ROBB, Judge.

Case Summary and Issue
D.W. ("Father") appeals the trial court's orders modifying child support for three *726 children Father had with his former wife, L.W. ("Mother"), and denying his motion to correct error. For our review, Father raises a single issue, which we restate as whether the trial court abused its discretion in denying his motion to correct error. Concluding the trial court's order modifying support reflected an erroneous calculation of Mother's health insurance credit, we reverse the denial of Father's motion to correct error and remand with instructions.

Facts and Procedural History
Father and Mother had four children together: K.W., born September 12, 1991; C.W., born June 28, 1994; Z.W., born October 31, 1997; and another child who has been emancipated. Father and Mother eventually divorced, and thereafter Mother had primary physical custody of all three minor children, although Father had considerable overnight visitation. As of February 2005, Father was under an order to pay Mother $46 per week in child support. In February 2007, K.W. began living with Father, and Mother's contact with him rarely involved overnight parenting time. In 2007, Mother paid $56.98 per week in premiums for health insurance covering the three minor children.
On May 17, 2007, Mother filed a petition to modify support. On June 25, 2007, the trial court ordered Father's support obligation reset to $56 per week. Thereafter, Mother filed a petition to modify support and custody. On March 31, 2008, the trial court ordered Father's support obligation temporarily reduced to $30 per week and set the matter for further hearing. Father filed a motion for relief from judgment, and the trial court granted the motion after a hearing on May 29, 2008. On January 6, 2009, the trial court held a hearing on Mother's petition to modify support and custody.
On April 9, 2009, the trial court issued an order ruling, among other support matters, that (1) Mother was entitled to a health insurance credit of $57 per week for all three children during 2007; and (2) for the period between June 25, 2007, and April 14, 2008 (the "2007-2008 time period"), Father's child support obligation to Mother "should have been re-set to $12.00 per week." Appellant's Appendix at 9. In reaching this calculation, the trial court relied on two offsetting child support worksheets, which separately calculated Father's support obligation with respect to C.W. and Z.W., who resided with Mother, and Mother's offsetting support obligation with respect to K. W., who resided with Father. The worksheet for C.W. and Z.W. included a parenting-time credit to Father for 182 overnights. Each of the worksheets included a $57 health-insurance premium addition to the basic child support obligation and a corresponding $57 credit to Mother.
Father timely filed a motion to correct error, arguing the trial court erred in calculating he owed $12 weekly to Mother during the 2007-2008 time period because the child support worksheets the trial court relied on improperly awarded Mother two $57 health insurance credits rather than one. As a result, Father argued, the trial court should have entered an order obliging Mother to pay Father $23 weekly for the 2007-2008 time period. Mother does not dispute that would be the correct support order if she received only one $57 credit. On June 6, 2009, the trial court denied Father's motion to correct error. Father now appeals.

Discussion and Decision

I. Standard of Review

A. Failure to File Appellee's Brief
Initially we note Mother has failed to file an appellee's brief. In such cases, we *727 need not undertake to develop arguments for the appellee. Painter v. Painter, 773 N.E.2d 281, 282 (Ind.Ct.App.2002). We apply a less stringent standard of review and may reverse the trial court if the appellant establishes prima facie error. Butrum v. Roman, 803 N.E.2d 1139, 1142 (Ind.Ct.App.2004), trans. denied. Prima facie error means error "at first sight," "on first appearance," or "on the face of it." Id. (quotation omitted).

B. Child Support and Motion to Correct Error
Generally, decisions regarding child support rest within the sound discretion of the trial court, and we will reverse the trial court's decision only for an abuse of discretion or if the trial court's determination is contrary to law. Painter, 773 N.E.2d at 282. Likewise, we review for an abuse of discretion the trial court's denial of a motion to correct error. In re A.T., 889 N.E.2d 365, 367 (Ind.Ct.App.2008), trans. denied. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances or if the trial court has misinterpreted the law. Id.

II. Calculation of Health Insurance Credit
Father argues the trial court's order modifying child support for the 2007-2008 time period is based on an erroneous calculation of Mother's health insurance credit. Specifically, Father argues the trial court erred in giving Mother a $57 per week credit on each of the two child support worksheets, resulting in a total credit of $114, rather than a single $57 per week credit. For the reasons shown below, we agree.
A trial court's decisions on child support matters are governed by the Indiana Child Support Rules and Guidelines, which provide a rebuttable presumption the correct amount of child support results from applying the guidelines. Ind. Child Support Rule 2. "If the court concludes from the evidence in a particular case that the amount of the award reached through application of the guidelines would be unjust, the court shall enter a written finding articulating the factual circumstances supporting that conclusion." Child Supp.R. 3. Here, the trial court did not enter such a finding, so the presumption remains that the correct amount of support results from applying the guidelines.
Guidelines 3(E)(2) and 3(G)(3) address the treatment of health insurance premiums in a determination of child support. "Cost of Health Insurance For Child(ren) (Worksheet Line 4B). The weekly cost of health insurance premiums for the child(ren) should be added to the basic obligation whenever either parent actually incurs the premium expense or a portion of such expense." Ind. Child Support Guideline 3(E)(2). Further,
The parent who pays the weekly premium cost for the child(ren)'s health insurance should receive a credit towards his or her child support obligation in most circumstances. This credit is entered on the space provided on the Worksheet Line 7 and will be in an amount equal to that entered on the Worksheet Line 4(B)....
Child Supp.G. 3(G)(3). Here, Mother during 2007 actually incurred a premium expense of $57 per week for all three children, and she paid that expense. Therefore, under the Guidelines, it would be presumptively correct for the trial court to add $57 per week to the basic child support obligation for all three children and give Mother a credit for the same amount.
The circumstances of this case, however, render application of the guidelines less straightforward because although Mother *728 incurred and paid a weekly health insurance premium for all three children, she had custody of only two of the children. Because custody was split between Mother and Father, the trial court properly utilized not one, but two offsetting child support worksheets. See Child Supp.G. 6 and Commentary (addressing "Split Custody and Child Support"). The guidelines do not provide specific guidance for the resulting question of how a single health insurance premium is to be divided among the children and the two worksheets for purposes of calculating any credit due the paying parent.
Father argues the trial court should have prorated the premium and resulting credit "to reflect a credit of $38.00 on the... Worksheet wherein [Father] pays [Mother] for the support and maintenance of [Z.W.] and [C.W.] and a credit of $19.00 on the ... Worksheet wherein [Mother] pays [Father] for the support and maintenance of [K.W.]." Appellant's Brief at 2. Father does not cite any authority, and we are aware of none, for the premise a trial court must prorate the premium and resulting credit under such circumstances. Further, as the results of the two worksheets are ultimately combined, if the cost in its entirety were placed on one worksheet or the other, the result would be the same as if the cost were divided into two-third and one-third shares. As a result, although dividing the cost and resulting credit between the two worksheets, as Father suggests, may have been the most appropriate treatment, we cannot say the trial court's failure to do so was, by itself, an abuse of discretion.
However, we agree with Father it was improper for the trial court, without any explanation in the record, to count the $57 premium twice and thereby award Mother a double credit of $114. The guidelines state a parent "should," in most circumstances, receive a health insurance credit "in an amount equal to" the premium cost the parent actually pays for the children's health insurance. See Child Supp.G. 3(G)(3). The record clearly reflects Mother incurred and paid a single $57 weekly premium for all three children. Therefore, under the guidelines, $57 was the presumptively correct amount of Mother's credit, and the trial court made no finding that deviation from the guidelines was appropriate based on the circumstances of this case. Further, if either parent had custody of all three minor children, the language of the guidelines would instruct the trial court to count the credit only once. We see no reason to count the credit twice here, simply because Mother has custody of only two of the children. As a result, the trial court's calculation granting Mother two $57 credits was unsupported by the guidelines or the record, and the trial court's denial of Father's motion to correct error was therefore an abuse of discretion.
Mother does not dispute that if she receives only one $57 health insurance credit, the guidelines result in an award of $23 weekly to Father for the 2007-2008 time period. Because we conclude the trial court erred in awarding Mother more than one $57 credit, and the trial court did not articulate any basis for departing from the guidelines under Child Support Rule 3, the trial court does not have discretion to reach a different result. Therefore, we do not need to remand for the trial court to recalculate Father's support obligation, as we would need to if the amount of the obligation depended on factors requiring trial court discretion rather than, as here, a numerical subtraction. For these reasons, we reverse and remand with instructions that the trial court order Mother to pay Father $23 per week in child support *729 for the 2007-2008 time period and determine any support arrearage owing between the parties.

Conclusion
The trial court abused its discretion in denying Father's motion to correct error. Therefore, we reverse the denial of Father's motion to correct error and remand with instructions for the trial court to enter $23 as the weekly sum Mother owed Father during the 2007-2008 time period and to determine any support arrearage owing between the parties.
Reversed and remanded.
DARDEN, J., and MATHIAS, J., concur.